■ SAMUEL BOATENG, Respondent, v FOUR PLUS CORPORATION et al., Appellants. [802 NYS2d 418]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 12, 2005, which denied defendants' motion for summary judgment, unanimously modified, on the law, to the extent of granting so much of the motion as seeks summary judgment dismissing the complaint as against defendants Four Plus Corporation and Chase Manhattan Bank, N.A., and otherwise affirmed, without costs.

The uncontradicted facts in the record show that the defendants Four Plus Corporation and Chase Manhattan Bank, N.A., were out-of-possession landlords who retained no more than a right of reentry to inspect and make repairs. Full responsibility for maintenance and repair of the leased premises had, under the governing lease, been placed with the tenant. In light of the landlords' out-of possession status, plaintiff, to raise an issue of fact as to whether the landlords had constructive notice of and were responsible for remediating the alleged hazard,

was required to show that the purported hazard constituted a structural or design defect that violated a specific statutory provision (*see Pavon v Rudin*, 254 AD2d 143, 146-147 [1998]). The record evidence, including photographs and deposition testimony, established that the crumbling cement on the garage ceiling, alleged to have caused plaintiff's harm, had no structural or design function, but was merely coating for steel beams. Plaintiff's assertion that a potential engineer witness would testify that the crumbling cement violated general safety provisions of the New York City Building Code (i.e., Administrative Code of City of NY §§ 27-127, 27-128) was insufficient to forestall summary judgment since, inter alia, no specific statutory violation was identified (*see Dixon v Nur-Hom Realty Corp.*, 254 AD2d 66, 67 [1998]).

Defendant 5711 Parking Corporation's (5711) claim of entitlement to summary judgment based on its Workers' Compensation Law defense was properly rejected. Based on the record as it now stands, we cannot determine as a matter of law that 5711 is free of liability based on the Workers' Compensation Law. Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.