■ Dodanin A. Vera et al., Appellants, v NYC Partnership Housing Development Fund Company, Inc., et al., Respondents. Elite Construction, Inc., Third-Party Plaintiff-Respondent, v CAA Drywall & Painting Co., Third-Party Defendant-Appellant. [837 NYS2d 47]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about May 23, 2006, which, to the extent appealed from as limited by the briefs, denied third-party defendant's motion for summary judgment dismissing the third-party complaint and denied plaintiffs' motion for partial summary judgment as to liability on their Labor Law § 240 (1) cause of action, unanimously affirmed, without costs.

Under all of the unique circumstances of this action, as a matter of fairness (see Matter of Hofmann, 287 AD2d 119, 123 [2001]), we decline to give res judicata effect to the Workers' Compensation Board determination, which lists third-party plaintiff as plaintiff's employer. In light of the conflicting evidence on the record, and the absence of an administrative record to give the Board determination context, the listing is not dispositive, and there is a question of fact on the point. Nor does the record provide a basis to conclude that plaintiff was third-party defendant's special employee (see Dzieran v 1800 Boston Rd., LLC, 25 AD3d 336, 337 [2006]; cf. Gherghinoiu v ATCO Props. & Mgt., Inc., 32 AD3d 314 [2006], lv denied 7 NY3d 716 [2006]).

Plaintiffs also failed to carry their burden as summary judgment movants. There is an issue of fact as to whether plaintiff Dodanin Vera deliberately declined to use safety devices which, according to defendants' evidence, were visible and operable (cf. Ramos v Port Auth. of N.Y. & N.J., 306 AD2d 147, 148 [2003]),

and had been used by plaintiff on earlier dates at the same work site. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.