■ Alfonso Bethea, Appellant, v The Weston House Housing Development Fund Company, Inc., et al., Respondents. (And a Third-Party Action.) [895 NYS2d 364]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered October 22, 2008, which, in an action for personal injuries allegedly sustained in a slip and fall down several stairs, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges in his complaint and testified at his deposition that he was injured when, while ascending a staircase and transporting 30 to 40 pounds of canned goods on a hand truck, he slipped and fell down several stairs because the lighting was poor, the handrail was loose and there was dust everywhere because of the installation of a new elevator in the building. However, the record shows that on the day after the accident, plaintiff signed an incident report stating that he was injured

when, while pulling the hand truck up the stairs, he felt a "snap" and a sharp pain in his lower back. Furthermore, in the months following the accident, plaintiff reported this same account of the accident to his medical providers. Under these circumstances, dismissal of the complaint was warranted (*see e.g. Garfinkel v Manhattan & Bronx Surface Tr. Operating Auth.*, 8 AD3d 118 [2004]).

Even considering the merits, dismissal of the complaint as against defendant landlord was proper. Although "the reservation of a right to reenter, inspect and make repairs . . . may subject a landlord to liability in commercial premises covered by the Administrative Code of the City of New York" (*Manning v New York Tel. Co.*, 157 AD2d 264, 269 [1990]), the dust and inadequate lighting, as alleged in this case, do not constitute structural or design defects (*see id.* at 270; *Peck v 2-J, LLC*, 56 AD3d 277 [2008]), and the contention that a loose handrail may have stopped plaintiff's fall, or that the step contributed to the fall, is speculative (*see Jefferson v Temco Servs. Indus.*, 272 AD2d 196 [2000]).

Furthermore, plaintiff's argument that the work completed by defendant contractors and subcontractors several days prior to the accident could have resulted in the accumulation of dust that caused him to slip and fall several days later, is unsupported by the evidence (*see Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]). Nor does plaintiff show that defendants had actual or constructive notice of the allegedly defective condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.