Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 20, 2009, which, in an action for personal injuries sustained when a glass shower door in a cooperative apartment shattered, granted defendant-respondent coopera *915 tive’s motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint as against it, unanimously affirmed, without costs.
The clause in the proprietary lease placing “sole responsibility” for maintenance and repair of the unit’s interior, “including interior walls, floors and ceilings, but excluding windows . . . [and] entrance and terrace doors,” on the unit’s lessee, definitively establishes that defendant coop, the building’s owner, owed plaintiffs, one of the unit’s lessees and her injured spouse, no duty of care with respect to the allegedly defective shower door (see Machado v Clinton Hous. Dev. Co., Inc., 20 AD3d 307 [2005]; Blonder & Co., Inc. v Citibank, N.A., 28 AD3d 180, 182 [2006]). The coop’s reservation of a right of reentry in the proprietary lease does not avail plaintiffs absent allegations that the shower door constituted a significant structural or design defect that violated a specific statutory provision (see Boateng v Four Plus Corp., 22 AD3d 323 [2005]). We have considered plaintiffs’ other arguments and find them unavailing. Concur—Gonzalez, EJ., Andrias, Acosta, Renwick and Abdus-Salaam, JJ.