■ KARLO MORATO-RODRIGUEZ, Appellant, v RIVA CONSTRUCTION GROUP, INC., Respondent, and 1412 BROADWAY, LLC, Appellant, et al., Defendant. [931 NYS2d 282]—

The motion court correctly determined that plaintiff's claims against defendant Riva are barred by Workers' Compensation Law § 11. Riva demonstrated that it and nonparty WTS Contracting Corp. are alter egos by establishing that they share a president and chief executive, an office manager and an office address, and were insured by the same liability and Workers' Compensation policies (*see Carty v East 175th St. Hous. Dev. Fund Corp.*, 83 AD3d 529 [2011]). Although plaintiff was paid with a WTS check and WTS was identified as his employer in the report regarding his accident as well as in the Workers' Compensation notice of award, these facts are consistent with the averment by the president of both Riva and WTS that WTS was merely the payroll entity for all Riva employees (*cf. Vera v NYC Partnership Hous. Dev. Fund Co., Inc.*, 40 AD3d 472 [2007]). Additionally, plaintiff testified that his supervisor, a Riva employee, was the only person who instructed him regarding the work.

In view of the foregoing, the claimed need for further discovery in the form of depositions from defendant Riva is unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.