■ David R. Kittay, as Chapter 7 Trustee of the Estate of Abbie Dastparvardeh, Debtor, Appellant-Respondent, v Herbert Moskowitz, Respondent and Hudson River International LLC, Respondent-Appellant. [944 NYS2d 497]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered July 5, 2011, which granted defendant Herbert Moskowitz's motion for summary judgment dismissing the complaint as against him, denied plaintiff's cross motions for leave to amend his bill of particulars, for spoliation sanctions, and to dismiss defendant Hudson River International LLC's (HRI) ninth affirmative defense, and denied HRI's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant HRI's motion, and otherwise affirmed, without costs.

The record demonstrates that defendant Moskowitz was an out-of-possession landlord, with no duty to maintain the

premises. Notwithstanding that he had a limited right to reenter the premises, at reasonable times, to make repairs not made by the tenant, Moskowitz cannot be held liable for plaintiff's decedent's injuries because the record does not establish that the basis of that liability is "a significant structural or design defect that is contrary to a specific statutory safety provision" (*see Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1996], *lv denied* 88 NY2d 814 [1996]; *Devlin v Blaggards III Rest. Corp.*, 80 AD3d 497, 497-498 [2011], *lv denied* 16 NY3d 713 [2011]).

Former Administrative Code of City of NY §§ 27-127 and 27-128 were general safety provisions (*see Boateng v Four Plus Corp.*, 22 AD3d 323 [2005]). Administrative Code § 27-375 (f), which requires, inter alia, handrails on "[i]nterior stairs," is not applicable, because the subject staircase was not an "interior stair[ ]," i.e., not one that "serve[d] as a required exit" (Administrative Code § 27-232; *see Cusumano v City of New York*, 15 NY3d 319, 324 [2010]; *Maksuti v Best Italian Pizza*, 27 AD3d 300 [2006], *lv denied* 7 NY3d 715 [2006]). Noncompliance with regulations that govern tread width and depth and lighting does not constitute a significant structural or design defect (*see Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [2010]; *Bethea v Weston House Hous. Dev. Fund Co., Inc.*, 70 AD3d 470 [2010]; *Peck v 2-J, LLC*, 56 AD3d 277 [2008]). The alleged violation of Multiple Dwelling Law § 190 cannot serve as a basis for liability since the accident is not alleged to have been caused by the presence of a combustible material.

In light of the foregoing, the court correctly denied plaintiff's motion for leave to amend the bill of particulars and for sanctions against Moskowitz for spoliation.

Defendant HRI demonstrated that it was the alter ego of plaintiff's decedent's employer, Antonio Thomas International Corp. (ATIC), HRI's parent company, which operated dental offices under the "Vital Dent" trademark and completely dominated and controlled HRI, and therefore that decedent's exclusive remedy against HRI is the Workers' Compensation Law (*see* Workers' Compensation Law § 11; *Carty v East 175th St. Hous. Dev. Fund Corp.* 83 AD3d 529 [2011]; *Morato-Rodriguez v Riva Constr. Group, Inc.*, 88 AD3d 549 [2011]; *Hernandez v Sanchez*, 40 AD3d 446 [2007]). The fact that ATIC is organized into separate legal entities does not negate alter ego status since, inter alia, the record reflects that ATIC controlled and dominated HRI (*see Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218 [2001]; *Di Rie v Automotive Realty Corp.*, 199 AD2d 98 [1993]). HRI did not waive its Workers' Compensation Law defense (*see Murray v*

*City of New York,* 43 NY2d 400, 407 [1977]; *Raptis v Juda Constr., Ltd.,* 26 AD3d 153, 155 [2006], *lv denied* 7 NY3d 716 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.