■ HELENA S. MARTIN et al., Appellants, v DNA RESTAURANT CORP. et al., Defendants, and NWACHUKWU C. NWOSISI et al., Respondents. [961 NYS2d 47]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered March 14, 2012, which granted defendants Nwosisi, Alapo, Nnah, and the Eternal Sacred Order of Cherubim and Seraphim Church of NY, Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 2, 2012, which denied plaintiffs' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

The record demonstrates that none of the provisions of the Administrative Code of the City of New York on which plaintiffs rely as a predicate for imposing liability on defendants, who are out-of-possession landlords with a limited right of reentry, is applicable (*see Kittay v Moskowitz*, 95 AD3d 451 [1st Dept 2012]; *Boateng v Four Plus Corp.*, 22 AD3d 323 [1st Dept 2005]). Former sections 27-127 and 27-128 were general, rather than the requisite specific, safety provisions (*Kittay*, 95 AD3d at 452). Section 27-375 (d) (2) and (f) does not apply because the single step is not an "interior stair[ ]"; it does not "serve[ ] as a required exit," i.e., as defined in section 27-232, a required "means of egress from the interior of [the] building to an open exterior space." The step does not serve as an exit, is not a ramp, and is not near a door (*see* §§ 27-370 [d]; 27-377 [c] [5]; 27-371 [h]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz, DeGrasse and Román, JJ. **[Prior Case History: 34 Misc 3d 1236(A), 2012 NY Slip Op 50384(U).]**