*561 Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 14, 2013, which, insofar as appealed from as limited by the briefs, granted the motion of defendant B.ER. 4000, LLC (BPR) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant BPR, the owner of the subject premises, established its entitlement to judgment as a matter of law in this action where plaintiff allegedly tripped and fell while walking to the bathroom in the nightclub operated by defendants Mingles Café, Inc. and Mingles, Inc. BPR submitted its lease with Mingles showing that it had no contractual duty to maintain or repair the demised premises, but retained only a limited right to reenter and repair where tenant failed to maintain the premises, and by demonstrating that the cracked floor tile and alleged inadequate lighting were not significant structural or design defects which violated specific statutory safety provisions (see Kittay v Moskowitz, 95 AD3d 451 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; Bethea v Weston House Hous. Dev. Fund Co., Inc., 70 AD3d 470, 471 [1st Dept 2010]; Uhlich v Canada Dry Bottling Co. of N.Y., 305 AD2d 107, 108 [1st Dept 2003]; Couluris v Harbor Boat Realty, Inc., 31 AD3d 686 [2d Dept 2006]).
In opposition, plaintiff failed to raise a triable issue of fact. The record shows that she submitted only alleged violations of general safety provisions, or lighting codes (see e.g. Kittay at 452).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur — Tom, J.P., Friedman, ManzanetDaniels, Gische and Clark, JJ.