(January 20, 2015)

■ Francoise Jean-Baptiste, Appellant, v 153 Manhattan Avenue Housing Development Fund Corp., Respondent. (And a Third-Party Action.) [2 NYS3d 441]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered July 17, 2012, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established prima facie entitlement to summary judgment by demonstrating its status as an out-of-possession landlord under the terms of the lease (*see Kittay v Moskowitz,* 95 AD3d 451 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]; *Babich v R.G.T. Rest. Corp.,* 75 AD3d 439 [1st Dept 2010]). Plaintiff's attempt, by way of opposition, to subject defendant to liability on the ground that it retained the right to reenter and make repairs to the premises (*Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 565-566 [1987]), is both procedurally improper and substantively without merit. The complaint, as supplemented by her bill of particulars dated January 22, 2007, alleged only generic Labor Law and OSHA violations (*see e.g. Cintron v New York City Tr. Auth.,* 77 AD3d 410 [1st Dept 2010]). The new allegations, asserted nearly five years later—six months after the filing of plaintiff's note of issue—that defendant violated provisions of the 1968 Building Code of City of New York (Administrative Code of City of NY § 27-375 [c]-[f]) constitutes a substantive change to her theory of the case. In the absence of a motion for leave to amend the pleadings (CPLR 3025 [b]), it was properly rejected.

Even if plaintiff's disregard for procedure could be ignored,

an application to amend a pleading requires the movant to set forth a viable cause of action, without which leave must be denied (*see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]). The specific section of the Building Code plaintiff alleges to have been violated (§ 27-375) does not apply to stairs leading from the ground floor to the basement of a building (*Cusumano v City of New York*, 15 NY3d 319, 324 [2010]). Thus, plaintiff has failed to demonstrate "that the purported hazard constituted a structural or design defect that violated a specific statutory provision" to hold the landlord answerable in damages for her injuries (*Boateng v Four Plus Corp.*, 22 AD3d 323, 324 [1st Dept 2005]). Furthermore, plaintiff has no recollection of events surrounding the accident and, unlike the cases she relies upon, no reasonable inferences as to causation can be drawn between the alleged violations and her unwitnessed fall (*see Reed v Piran Realty Corp.*, 30 AD3d 319 [1st Dept 2006], *lv denied* 8 NY3d 801 [2007]; *Kane v Estia Greek Rest.*, 4 AD3d 189 [1st Dept 2004]; *Lynn v Lynn*, 216 AD2d 194 [1st Dept 1995]).

We have considered the remainder of plaintiff's arguments and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.