■ Gabriel Netzahuall, Plaintiff, v All Will LLC, Respondent, and Lime Light Construction Corp., Appellant. [43 NYS3d 296]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered June 23, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Lime Light's cross motion to dismiss defendant All Will's common-law indemnification claims against it, unanimously affirmed, without costs.

Workers' Compensation Law § 11 provides that an employer is not liable for contribution or indemnity to any third-party based on injuries sustained by its employee acting within the scope of employment unless the third-party proves that the employee sustained a "grave injury" (*see New York Hosp. Med. Ctr. of Queens v Microtech Contr. Corp.*, 22 NY3d 501, 510 [2014]). It is undisputed that plaintiff here did not sustain such an injury. During a hearing before the Workers' Compensation Board (WCB), plaintiff and Lime Light stipulated that the latter employed the former, and the WCB awarded benefits.

Based on that determination, plaintiff did not oppose dismissal of his direct claims against Lime Light, but All Will, the owner of the premises where plaintiff was working, seeks common law indemnification from Lime Light, its general contractor.

To successfully invoke the doctrine of collateral estoppel, which precludes a party or those in privity from relitigating in a subsequent action an issue clearly raised and decided against that party in a prior action, the issue in the second action must be identical to the issue raised, necessarily decided, and material in the first action; and the party to be precluded must have had a full and fair opportunity to litigate the issue in the earlier action (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]).

It is undisputed that All Will was not a party to the Workers' Compensation proceeding and did not have a full and fair opportunity to litigate the issue of whether Lime Light was plaintiff's employer at the time of the accident. The motion court properly found that All Will was not precluded from presenting evidence challenging this finding (*see Vera v NYC Partnership Hous. Dev. Fund Co., Inc.*, 40 AD3d 472 [1st Dept 2007]). There is no basis to adopt Lime Light's assertions, the effect of which would be that WCB determinations are automatically entitled to collateral estoppel effect, without the need to meet the elements of the doctrine. Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ. ■