■ SANDRA KAPLAN, Respondent, v TAI PROPERTIES, L.L.C., et al., Appellants. [45 NYS3d 792]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about May 6, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff, a tenant in a building owned and managed by defendants, sustained a burn injury to her head when she used a match to try to light a burner on the top of her gas stove because the stove's igniter did not work. There is no dispute that plaintiff herself had bought the stove and had it installed. The lease between the parties required the landlord to repair and maintain any appliance provided by the landlord, but imposed no duty on it to repair or maintain appliances supplied by the tenant herself. Since no duty to repair the appliance is "imposed by statute, by regulation or by contract," defendants are not liable for the injuries plaintiff suffered as a result of the defective condition of the stove (*Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]).

To the extent plaintiff also alleged that the accident was related to a condition created by defendants in the course of a gas pipe replacement project in the building, defendants demonstrated prima facie that the project was performed by a licensed contractor, pursuant to permits, and was inspected and certified as safe when it was completed, about two years before the accident. Defendants' property manager also testified that the project did not involve any work on plaintiff's stove, except to assure that there was gas service to the stove and that it was safe with no leaks when the project was complete.

Plaintiff argues that a causal relationship between the pipe replacement project and the defect in her stove may be inferred, because her stove started to malfunction sporadically at some unspecified time after the project was completed. This argument is unsupported by the evidence and thus, is insufficient to raise a triable issue of fact (*see Bethea v Weston House Hous. Dev. Fund Co., Inc.*, 70 AD3d 470 [1st Dept 2010]). Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.