Uppstrom v Peter Dillon's Pub (2019 NY Slip Op 03690)





Uppstrom v Peter Dillon's Pub


2019 NY Slip Op 03690


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Friedman, J.P., Renwick, Kapnick, Kahn, Oing, JJ.


9288 153180/14

[*1]Chantal Uppstrom, Plaintiff-Appellant,
v
Peter Dillon's Pub, et al., Defendants-Respondents.


Nguyen Leftt, P.C., New York (Stephen D. Chakwin Jr. of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Kimberly A. Ricciardi of counsel), for Peter Dillon's Pub, respondent.
Cartafalsa, Turpin & Lenoff, New York (Gail P. Pariser of counsel), for 353 Lexington Avenue, LLC, respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about April 12, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of defendant 353 Lexington Avenue (353 Lexington) for summary judgment dismissing the complaint as against it, and, upon a search of the record, awarded defendant Peter Dillon's Pub (Dillon's) summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff was injured when she fell down a stairway inside Dillon's bar. 353 Lexington owned the premises, which was being occupied by Dillon's pursuant to a lease agreement.
The complaint was properly dismissed as against 353 Lexington, because plaintiff's deposition testimony establishes that she was unable to identify the cause of her accident (see Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007]). She also cannot show that the stairway's condition at the time of the accident violated a specific statutory provision, or that the alleged violations proximately caused her injuries, which is necessary to impose liability upon an out-of-possession landlord such as 353 Lexington (see Quinones v 27 Third City King Rest., 198 AD2d 23, 24 [1st Dept 1993]).
Administrative Code of City of NY § 27-375(f) states that stairs that are less than 44 inches wide are permitted to have one handrail, and it is undisputed the subject stairway is only about 33 inches wide and has a continuous handrail on its left-hand side. That the stairway's left-side handrail nonuniform finger clearance violated Administrative Code § 27-375(f) three steps down from where plaintiff fell is of no moment, because her deposition testimony establishes that the violation did not proximately cause the accident (see Daniarov v New York City Tr. Auth., 62 AD3d 480 [1st Dept 2009]).
Plaintiff's contention that the stairway constituted a trap or snare because it was hidden cannot impose liability upon 353 Lexington, because she failed to show that the accident was proximately caused by a structural or design defect that violated a specific statutory provision (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 420 [1st Dept 2011). In addition, her claim that the accident location caused her optical confusion is unpreserved as it is raised for the first time on appeal, and in any event, there is no evidence that she was optically confused before the accident or that the stairway's condition violated the Building Code (see Langer v 116 Lexington Ave., Inc., 92 AD3d 597 [1st Dept 2012], lv denied 24 NY3d 907 [2014]). Plaintiff's claim that the stairway was not properly illuminated cannot impose liability upon 353 Lexington, because inadequate lighting is not a structural or design defect (see Bethea v Weston House Hous. Dev. Fund Co., Inc., 70 AD3d 470, 471 [1st Dept 2010]).
The appeal from that portion of the order awarding Dillon's summary judgment is taken [*2]from an appealable order because the court decided 353 Lexington's summary judgment motion which was made by notice of motion (see CPLR 5701[a][2]). The court did not err in dismissing the complaint as against Dillon's, because plaintiff testified that she did not know what caused her to fall and her claim that the stairway was a trap or snare due to the fact that she was confronted with a "visual experience" that prevented her from properly understanding that a stairway was there was not pled in the complaint or bill of particulars (see Siegfried v West 63 Empire Assoc., LLC, 145 AD3d 456 [1st Dept 2016]). Furthermore, she offered no evidence that her fall was precipitated by any hazard that she failed to see due to poor lighting (see Jenkins v New York City Hous. Auth., 11 AD3d 358, 359 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK