Kopetic v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 07502)





Kopetic v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 07502


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10118 305797/12

[*1] Ronald Kopetic, Plaintiff-Appellant,
v
The Port Authority of New York and New Jersey, Defendant-Respondent.


Buttafuoco & Associates, PLLC, Woodbury (Scott Szczesny of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Seth A. Guiterman and James H. Rodgers of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 30, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when, while operating a top loader in order to move shipping containers, the top loader tipped over due to uneven ground. Defendant, through its submission of the lease for the subject premises, showed that it was an out-of-possession landlord with no duty to maintain the area where the accident occurred or remedy the defect alleged (see Kittay v Moskowitz, 95 AD3d 451 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; Babich v R.G.T. Rest. Corp., 75 AD3d 439, 440 [1st Dept 2010]).
In opposition, plaintiff failed to raise a triable issue of fact. Although defendant maintained a right to re-enter in the leaase, plaintiff failed to adduce evidence that the alleged defect, depressions in the asphalt near the loading berths, was a significant structural defect in violation of an applicable statutory provision (see Kittay at 452; DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146 [1st Dept 2003]). Furthermore, defendant's intermittent presence at the premises was for the purpose of ensuring that it was being occupied according to the terms of the lease, and plaintiff acknowledges that defendant never exercised any control over either the lessee's operations or maintenance of the property (compare Dimas v 160 Water St. Assoc., 191 AD2d 290 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK