Guayara v H.P.S.O.N.Y., Inc. (2025 NY Slip Op 02722)

Guayara v H.P.S.O.N.Y., Inc.

2025 NY Slip Op 02722

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 157942/21|Appeal No. 4309|Case No. 2024-02780|

[*1]Luis Guayara, Plaintiff-Appellant,
v
H.P.S.O.N.Y., Inc., Defendant-Respondent.

Gorayeb & Associates, P.C., New York (Frank Kelly of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP New York (Daniel S. Kotler of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 24, 2024, which denied plaintiff's motion pursuant to Workers' Compensation Law § 118-a for an order declaring TJC LDK CLR FS & DTF, LLC (TJC) to be plaintiff's employer for purposes of this litigation, unanimously affirmed, without costs.
Plaintiff failed to satisfy his burden of demonstrating that defendant was a party to or in privity with a party to the Workers' Compensation Board (WCB) proceeding that determined TJC to be plaintiff's employer, as is required for that determination to have collateral estoppel effect against defendant (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; Netzahuall v All Will LLC, 145 AD3d 492, 493 [1st Dept 2016]). While determinations of the WCB as to "the existence of an employer employee relationship" may be given collateral estoppel effect in a subsequent action (Workers' Compensation Law §§ 118-a; 11[2]), they are not "automatically entitled to collateral estoppel effect[] without the need to meet the elements of the doctrine" (Netzahuall, 145 AD3d at 493).
The only evidence plaintiff submitted with his moving papers was the WCB determination itself, which did not list defendant as a party or contain any information suggesting defendant was in privity with a party. The deposition testimony of defendant's general manager, which plaintiff submitted for the first time in reply, was new evidence that could not be considered in support of plaintiff's prima facie showing (see Coon v WFP Tower B Co. L.P., 220 AD3d 407, 409 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025