TREVOR RAM, Appellant, v 64TH STREET-THIRD AVENUE ASSOCIATES, LLC, Respondent. [878 NYS2d 27]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered November 6, 2008, which granted defendant's motion for summary judgment dismissing the cause of action for negligence, unanimously affirmed, without costs.

Plaintiff was injured when, attempting to turn off a ceiling-mounted box fan, he placed his right hand within the area of the revolving blades. The fan was located in a parking garage that was operated by plaintiff's employer under a lease with defendant, the building's owner. The motion court correctly granted defendant's motion for summary judgment on the ground that defendant was an out-of-possession landlord that could not be held liable for any dangers posed by the fan where its lease with plaintiff's employer required the latter to keep all fixtures in good working order and to make any nonstructural repairs at its own expense (*see generally Reyes v Morton Williams Associated Supermarkets, Inc.*, 50 AD3d 496, 497 [2008] [given right to reenter, liability must be based on a "significant structural or design defect that is contrary to a specific statutory safety provision"]; *cf. Javier v Ludin*, 293 AD2d 448 [2002] [dangerous fluorescent light fixture hanging from ceiling not a significant structural defect]). Plaintiff's reliance on Administrative Code of the City of NY §§ 27-756 and 27-772, which relate to the installation and operation of HVAC systems, and New York City Building Code Reference Standard RS-13 §§ 2-2.3.1, 2-2.3.3 and 2-3.7.3 (b) (Administrative Code, tit 27, ch 1, Appendix), which relate to the fans and air inlets of HVAC systems, is misplaced; these provisions do not apply given no evidence that the fan was ducted or connected to the building's air distribution system (*see* Reference Standard RS-13 § 1.5, defining, inter alia, "air distribution system" and "air inlet"). Administrative Code §§ 27-127 and 27-128 are general safety provisions that cannot support a claim of liability against an out-of-possession landlord based on a significant structural defect (*Boateng v Four Plus Corp.*, 22 AD3d 323, 324 [2005]; *Reddy v 369 Lexington Ave. Co., L.P.*, 31 AD3d 732, 733 [2006]). We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ.