◼ Jose Verdugo et al., Appellants-Respondents, v Seven Thirty One Limited Partnership et al., Respondents-Appellants. [896 NYS2d 27]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered September 3, 2008, which, to the extent appealed from, as limited by the briefs, granted so much of plaintiffs' motion as sought (a) to estop defendant Bovis from denying that on the day of the accident it violated Administrative Code of the City of New York § 27-1009 (a) and § 27-1018, and (b) to dismiss the fourth and fifth affirmative defenses of defendant Seven Thirty One (731) that injury resulted from the acts of another or independent contractor, and denied so much of plaintiffs' motion as sought (a) to estop defendant Bovis from denying liability for the accident, (b) to dismiss the "act of God" affirmative defense of defendants Bovis and 731, (c) to dismiss Bovis' fourth and fifth affirmative defenses, and (d) for summary against Bovis, unanimously modified, on the law, the "act of God" affirmative defense dismissed, 731's fourth and fifth affirmative defenses reinstated, and otherwise affirmed, without costs.

On a December midday in 2003, plaintiff Jose Verdugo was struck and injured by a large piece of plywood as he walked on Lexington Avenue. It is uncontested that the plywood blew from a construction area at about the 52nd floor of the building at 731 Lexington Avenue, owned by 731. Bovis was the construction manager, and defendant North Side was a subcontractor responsible for floor construction, which included the pouring of concrete into wooden forms.

After a hearing before the Environmental Control Board, at which Bovis was represented by counsel, an administrative law judge (ALJ) found Bovis in violation of sections of the Building Code having to do with general safety (Administrative Code § 27-1009 [a]) and storage of material in elevated open areas (§ 27-1018). Bovis was collaterally estopped from denying these violations in the later court proceedings (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 502-504 [1984]). But while these violations were some evidence of negligence, the issue of whether that negligence was a substantial cause of Jose Verdugo's injury was not before the Environmental Control Board, and the ALJ's ruling did not estop Bovis from contesting liability before a jury (*see Elliott v City of New York*, 95 NY2d 730 [2001]; *Huerta v*

*New York City Tr. Auth.*, 290 AD2d 33 [2001], *appeal dismissed* 98 NY2d 643 [2002]).

The "act of God" affirmative defense should have been dismissed. The existence of 30 mile per hour winds, which purportedly caused the plywood to become airborne in the first place, was not an "unusual, extraordinary and unprecedented event" (*Prashant Enters. v State of New York*, 206 AD2d 729, 730 [1994]; *see Williams v 520 Madison Partnership*, 38 AD3d 464 [2007]). Furthermore, defendant's meteorologist's claim of wind gusts over 70 miles per hour was unsupported by data or methodology, and thus lacked sufficient foundation (*see Martin v RP Assoc.*, 37 AD3d 1017, 1019 [2007]; *Moss v City of New York*, 5 AD3d 312 [2004]).

Because former sections 27-127 and 27-128 of the Building Code set forth only nonspecific and general obligations of a building owner (*Ram v 64th St.-Third Ave. Assoc., LLC*, 61 AD3d 596 [2009]), 731 was entitled to its affirmative defense of "acts of another or independent contractor" (*see Morris v Pavarini Constr.*, 9 NY3d 47, 50 [2007]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Moreover, plaintiffs failed to meet their burden of showing that Bovis had a nondelegable duty of supervising how plywood forms were stacked on the 52nd floor, or that the making of concrete forms on a high-rise construction site is inherently dangerous work (*see generally Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663 [1992]), and thus the same "independent acts" defense should be available to Bovis. That being the case, the court properly denied summary judgment against Bovis on the issue of liability. Concur—Andrias, J.P., Saxe, Sweeny, Freedman and Román, JJ.