OPINION OF THE COURT
Per Curiam.
Order, entered November 4, 2010, insofar as appealed from, affirmed, with $10 costs.
The first-named plaintiff, a New York City police officer, allegedly was injured when he was struck by a metal hanger suspended from a so-called “plan rack” — a tubular device used by defendant to store blueprints and drawings — that was being wheeled on a city sidewalk to a construction trailer located about a block away from the accident site. We agree that summary judgment dismissal of plaintiffs General Municipal Law § 205-e cause of action was warranted, since none of the regulatory violations alleged by plaintiff was applicable to the facts at bar (see generally Gonzalez v Iocovello, 93 NY2d 539, 551 [1999]; Brunelle v City of New York, 269 AD2d 347, 348 [2000]).
The conduct of defendant’s employees in pushing the plan rack on a city sidewalk was not the type of “construction operation” covered by the general safety provisions of Administrative Code of the City of New York § 27-1009 (a), any more than the plan rack itself can be viewed as “construction equipment” as that term is used in various code safety regulations (see e.g. Administrative Code §§ 27-1012, 27-1017). Unlike the I-beam errantly placed across a sidewalk adjacent to the construction site in Orlin v Colgate Scaffolding Corp. (248 AD2d 114 [1998]) or the large piece of plywood that “bec[a]me airborne” and fell to the sidewalk from the upper floors of the construction area in Verdugo v Seven Thirty One Ltd. Partnership (70 AD3d 600, 602 [2010]) — events held sufficient to establish violations of Administrative Code § 27-1009 (a) — the presence on the sidewalk of the rack or cart used here by defendant did not expose pedestrians in general or this plaintiff in particular to any enhanced construction-related risk of injury. In this sense, the plan rack created no greater or different risks than those posed by a file cabinet or other type of office equipment in transit.
*65 Where, as here, there was no negligent failure to comply with a statute or ordinance, there can be no recovery under General Municipal Law § 205-e. Plaintiffs may, of course, continue to pursue their remaining common-law causes of action.
Shulman, J.E, Hunter, Jr., and Torres, JJ., concur.