■ NEFTALI CENTENO, Appellant, v 575 E. 137TH ST. REAL ESTATE, INC., Respondent. [975 NYS2d 335]—Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about October 16, 2012, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to show that the trapdoor through which he fell suffered from a structural or design defect in violation of a specific statutory provision, as required to impose liability upon defendant, an out-of-possession landlord (*see Kittay v Moskowitz*, 95 AD3d 451 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]; *Devlin v Blaggards III Rest. Corp.*, 80 AD3d 497 [1st Dept 2011], *lv denied* 16 NY3d 713 [2011]). The stairway beneath the trapdoor served as a means of providing easy access between the upstairs store room and the basement. There is no evidence that it provided a means of egress from the building. Accordingly, Administrative Code of City of NY § 27-375 (Interior stairs) is not applicable, since "interior stair" is defined as "[a] stair within a building, that serves as a required exit" (Administrative Code § 27-232; *see Cusumano v City of New York*, 15 NY3d 319, 324 [2010]). Administrative Code § 28-301.1, which repeals and re-codifies former sections 27-127 and 27-128 (*see McLaughlin v Ann-Gur Realty Corp.*, 107 AD3d 469, 469 [1st Dept 2013]), is also unavailing. Sections 27-127 and 27-128 were merely nonspecific safety provisions (*Ram v 64th St.-Third Ave. Assoc., LLC*, 61 AD3d 596, 597 [1st Dept 2009]; *see Kittay*, 95 AD3d at 452).

Similarly unavailing is Administrative Code § 27-126, which was merely a nonspecific provision defining certain work as nonminor. Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.