Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 24, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie that it was not liable for plaintiffs injuries, which she testified resulted from falling on a dark and slippery internal staircase in defendant’s building, because it neither created nor had notice of the allegedly dangerous condition that caused her fall (see Savio v Rose Flower Chinese Rest., Inc., 103 AD3d 575 [1st Dept 2013]). Plaintiff testified that she had never complained to anyone about the alleged defect in the staircase; defendant’s witness testified that there had been no complaints about the allegedly defective step before plaintiff’s accident, that he was not aware of any accidents in the subject stairwell, that no repairs had been done to the step, and that no building code violations had been issued regarding the step.
In opposition, plaintiff failed to raise an issue of fact. The slippery condition of marble stairs due to their smoothness is not an actionable defect (see Sims v 3349 Hull Ave. Realty Co. LLC, 106 AD3d 466, 467 [1st Dept 2013]). Plaintiffs testimony as to the darkness is too vague to be sufficient, since she testified that she slipped on the third step from the top of the staircase, not that her foot missed the step because she was unable to see it. Nor does her expert affidavit raise an issue of fact, since the expert cites to provisions of the Administrative Code of the City of New York (former §§ 27-127 and 27-128) that are not specific enough to support liability claims (see Centeno v 575 E. 137th St. Real Estate, Inc., 111 AD3d 531 [1st Dept 2013]) and addresses issues that are not material to plaintiff’s claims, such as inappropriately located handrails. Concur — Mazzarelli, J.E, Friedman, Renwick, DeGrasse and Gische, JJ.