■ QUING SUI LI, Appellant, v 37-65 LLC, Respondent. [981 NYS2d 14]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 16, 2012, which, to the extent appealed as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

"A landlord is generally not liable for negligence with respect to the condition of property after the transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs and/or maintain the premises or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1st Dept 1996], *lv denied* 88 NY2d 814 [1996]). Defendant landlord does not dispute that it had a contractual right to reenter, inspect and make needed repairs at the tenant's expense.

However, the court properly found that plaintiff failed to raise a triable issue of fact as to whether the spiral staircase in the tenant restaurant's premises was a significant structural or design defect that was contrary to any specific statutory safety provisions. The parties do not dispute that the spiral staircase, from which plaintiff slipped due to worn treads and grease, was the means of traversing from the interior first floor to the interior mezzanine level employee locker rooms, and hence was an access staircase. The staircase was not an "interior stair" because it did not serve as a required exit, providing a means of egress from the interior of the building to an open exterior space (*see* Administrative Code of City of NY § 27-232). Thus, plaintiff failed to demonstrate any specific statutory safety violations.

Plaintiff's expert's opinion was insufficient to raise a triable issue of fact as to whether the staircase was a significant structural feature because he did not inspect the staircase and did not explain how it was necessary in order for the building to function (*see Garcia-Rosales v 370 Seventh Ave. Assoc., LLC*, 88 AD3d 464, 465 [1st Dept 2011]). Concur—Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.