*580 Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 10, 2013, which denied defendant landlord’s motion for summary judgment seeking dismissal of the complaint and the third-party defendant tenant’s cross claim, and contractual indemnification against third-party defendant tenant, and denied plaintiffs cross motion for summary judgment on the issue of constructive notice, unanimously modified, on the law, defendant landlord’s motion for summary judgment granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff, an employee of third-party defendant tenant’s restaurant, alleges that, while carrying, with both hands, a heavy pot containing hot liquid, he fell and was injured as he was descending a dangerous spiral staircase located between the restaurant’s basement prep kitchen and its ground floor main kitchen. Liability does not lie against defendant out-of-possession landlord because the claimed riser, tread and handrail violations were not significant structural defects (see Quing Sui Li v 37-65 LLC, 114 AD3d 538 [1st Dept 2014]; Drotar v 60 Sweet Thing, Inc., 106 AD3d 426, 427 [1st Dept 2013]; Kittay v Moskowitz, 95 AD3d 451, 452 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). The staircase was not an “interior stair” as defined in section 27-232 of the Administrative Code of the City of New York City (see Quing Sui Li, 114 AD3d 538; Centeno v 575 E. 137th St. Real Estate, Inc., 111 AD3d 531 [1st Dept 2013]). Nor were the claimed violations of former sections 27-127 and 27-128 specific statutory safety provisions that may serve as predicates for defendant landlord’s liability (see Centeno, 111 AD3d 531). It is therefore immaterial whether landlord had notice of the allegedly dangerous condition or retained a right to reenter (see Nielsen v 300 E. 76th St. Partners, LLC, 111 AD3d 414, 415 [1st Dept 2013]; Devlin v Blaggards III Rest. Corp., 80 AD3d 497, 498 [1st Dept 2011], lv denied 16 NY3d 713 [2011]).
We note that nothing in the record supports the possibility that the landlord built the allegedly offending staircase.
The lease’s indemnification clause does not violate General Obligations Law § 5-321. Although it purports to indemnify the landlord for its own negligence, the parties permissibly allocated the risk to insurance, regardless of whether indemnification was limited to its proceeds (see Gary v Flair Beverage Corp., 60 AD3d 413, 415 [1st Dept 2009], citing Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]). Moreover, the clause is valid as applied, as there is no view of the evidence that the landlord was negligent (see Itri Brick & Concrete Corp. v Aetna *581 Cas. & Sur. Co., 89 NY2d 786, 795 n 5 [1997]; Guzman v 170 W. End Ave. Assoc., 115 AD3d 462 [1st Dept 2014]). The third-party defendant is therefore liable for the costs of defendant’s defense.
Concur—Mazzarelli, J.P., Acosta, Andrias, Saxe and Clark, JJ.