Marie D. v Roman Catholic Church of the Sacred Heart (2018 NY Slip Op 03233)





Marie D. v Roman Catholic Church of the Sacred Heart


2018 NY Slip Op 03233


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6439 350174/10

[*1]Marie D., etc., Plaintiff-Appellant,
v
Roman Catholic Church of the Sacred Heart, Defendant-Respondent. [And a Third-Party Action]


Meagher & Meagher, P.C., White Plains (Merryl Weiner of counsel), for appellant.
Conway, Farrell, Curtin & Kelly, P.C., New York (Jonathan T. Uejio of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about March 13, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff slipped and fell on a staircase located on the grounds of premises owned by defendant church and leased to plaintiff's employer, third-party defendant. Defendant demonstrated that, at the time of plaintiff's accident, it was an out-of-possession landowner with no contractual obligation to make repairs. The lease also allowed defendant to use a designated space for morning services, but defendant demonstrated that it had ceased using the space at least two years before the accident and had no key or code access to the premises (see Sapp v S.J.C. 308 Lenox Ave. Family L.P., 150 AD3d 525, 527 [1st Dept 2017]).
As an out-of-possession landlord with a reserved right to enter to make repairs, even if defendant had constructive notice of a defective condition on the staircase, it could only be found liable if the defect that caused plaintiff's accident was "a significant structural or design defect that was contrary to a specific statutory safety provision" (Devlin v Blaggards III Rest. Corp., 80 AD3d 497, 497-498 [1st Dept 2011], lv denied 16 NY3d 713 [2011]; see Babich v R.G.T. Rest. Corp., 75 AD3d 439, 440 [1st Dept 2010]). While plaintiff alleged that the absence of a center railing on the staircase violated the 1938 Building Code, defendant submitted evidence establishing that the building and staircase were built between 1916 and 1917, so that the 1938 Code does not apply. The other alleged defects in the staircase do not constitute significant structural defects (see e.g. Podel v Glimmer Five, LLC, 117 AD3d 579 [1st Dept 2014], lv denied 24 NY3d 903 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK