Matias v West 16th Realty LLC (2020 NY Slip Op 08000)





Matias v West 16th Realty LLC


2020 NY Slip Op 08000


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 156142/15 Appeal No. 12668 Case No. 2019-5271 

[*1]Jose Matias, Plaintiff-Respondent,
v
West 16th Realty LLC, Defendant-Appellant, Grey Dog Chelsea Inc. Doing Business as The Grey Dog Restaurant, Defendant-Respondent.


Farber Brocks & Zane L.L.P., Garden City (Lester Lee Chanin of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Christopher Soverow of counsel), for Jose Matias, respondent.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York (Joshua S. Talcovitz of counsel), for Grey Dog Chelsea Inc., respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 11, 2019, which, to the extent appealed from, denied defendant West 16th Realty LLC's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously reversed, on the law, without costs. The Clerk is directed to enter judgment dismissing the complaint and all cross claims against defendant West 16th Realty.
Plaintiff, who was employed by a nonparty linen company, alleges that he was injured on the premises owned by defendant West 16th Realty and leased to Grey Dog Chelsea Inc. d/b/a The Grey Dog Restaurant, while he was climbing up the stairs from the restaurant's cellar to the sidewalk and one of the cellar doors that he had opened to gain access to the cellar closed and struck him on the head.
It is well established that an out-of-possession landlord like West 16th "is generally not liable for negligence with respect to the condition of the demised premises unless it (1) is contractually obligated to make repairs or maintain the premises, or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (DeJesus v Tavares, 140 AD3d 433, 433 [1st Dept 2016] [internal quotation marks omitted]).
The lease did not obligate West 16th to maintain or repair the cellar doors or to install an auxiliary safety device on the cellar doors, which were fully functional and not broken in any way.[FN1] The cellar doors were designed to remain open when opened wide and did not require a secondary safety device to lock them in an open position. That the cellar doors were safe and did not have a "significant structural or design defect" is demonstrated by the fact that there had never been an accident or complaint about them in all the years the Grey Dog restaurant used them and that Martinez has served as building superintendent.
The mere fact that the superintendent would occasionally enter the cellar to shut the water or for other emergency, does not create a duty or make West 16th responsible for maintaining or installing an additional safety device on the cellar doors (compare Hernandez v 34 Downing Owners Corp., 148 AD3d 554 [1st Dept 2017] [affirming denial of summary judgment to an out-of-possession landlord in a case where a restaurant worker was injured by a cellar door and the lease obligated the landlord to maintain and repair the cellar stairs and sidewalk]).
Further, the alleged defect is not a structural defect contrary to a specific statutory safety provision. Plaintiff admits that there is no Building Code section that speaks to the proper structural makeup of a cellar hatch door, nor provisions that require West 16th to have a spreader bar or other locking mechanism attached to the cellar doors. Indeed, we have previously held that the failure to install a safety device to hold such doors open—the precise [*2]negligence alleged against West 16th herein—was "not a structural defect contrary to a specific statutory safety provision" (Cuthbert v Foreign Dev. Serv., Ltd., 161 AD3d 673, 673 [1st Dept 2018]; see also Podel v Glimmer Five, LLC, 117 AD3d 579 [1st Dept 2014], lv denied 24 NY3d 903 [2014]). "It is therefore immaterial whether [the out-of-possession] landlord had notice of the allegedly dangerous condition or retained a right to reenter" (Podel, 117 AD3d at 580).
Finally, West 16th owed no duty to plaintiff under sections 7-210 and 19-152 of the Administrative Code of the City of New York because the underside of the basement door which struck plaintiff is not part of the sidewalk (see Administrative Code of the City of New York § 19-101 [sidewalk "shall mean that portion of a street between the
curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians"]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020



Footnotes

Footnote 1: The lease made clear that the tenant was responsible for maintaining and making repairs to the demised premises. The lease rider further made explicit that other than building-wide plumbing repairs, "Landlord shall have no obligation to make any non-structural repairs or replacements to the demised premises."