Harrington v Azogues Corp. (2021 NY Slip Op 00996)





Harrington v Azogues Corp.


2021 NY Slip Op 00996


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 152830/18 Appeal No. 12529 Case No. 2020-02084 

[*1]John Harrington et al., Plaintiffs,
v
Azogues Corp., Doing Business as Via Italia Restaurant, Defendant-Respondent, 77 NY&commat; 46 St., LLC, et al., Defendants-Appellants.


Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for appellants.
Clausen Miller, P.C., New York (Djordje Caran and Don R. Sampen of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 6, 2020, which denied defendants 77 NY&commat; 46 St., LLC and Management by 77, LLC's (together, 77 NY) motion for summary judgment dismissing the complaint and cross claims against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when he fell through open cellar doors in the sidewalk in front of premises owned and managed by 77 NY. The motion court should have granted the motion by 77 N.Y. for a dismissal of the claims and cross claims asserted against them. There was no evidence that these defendants negligently or defectively constructed, maintained or repaired the premises or that there was any violation of Administrative Code of the City of New York § 27—128. Specifically, there is no evidence that the cellar doors themselves were an unsafe construction, nor is there any claim that, with the doors in place, there was a negligent condition. The doors only became unsafe by their improper use, i.e., when the first-floor tenant opened the cellar doors from the basement in violation of the usual procedure of opening the doors from the sidewalk to ensure the safety of pedestrians (see Brown v Weinreb, 183 AD2d at [1st Dept 1992]; see also Wisznic v Nostrand Shoppers, 215 AD2d 553 [2d Dept 1995]).
Contrary to Azogues' contentions, liability may not be imposed on 77 NY based on a failure to provide safeguards to prevent injury, such as warning lights or signals (see e.g. Brown v Weinreb, 183 AD2d at 563). Nor is Administrative Code § 7-210 applicable, because there is no evidence that the condition of the sidewalk was a proximate cause of the accident.
The Decision and Order of this Court entered herein on December 3, 2020 (189 AD3d 434 [1st Dept 2020]) is hereby recalled and vacated (see M-4077 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021