Vargas v Weishaus (2021 NY Slip Op 06663)





Vargas v Weishaus


2021 NY Slip Op 06663


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 24259/16E Appeal No. 14547 Case No. 2020-02766 

[*1]Christian R. Vargas, Plaintiff-Appellant,
v
Corinne Weishaus, Defendant-Respondent.


The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 22, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that he was injured while working at premises located at 4366-4370 Park Avenue in the Bronx. The premises were owned by defendant Corinne Weishaus and leased to plaintiff's employer, nonparty United Pickle Products Corporation (United Pickle). In his bill of particulars plaintiff alleged that the accident occurred "at the loading entrance" of the premises "when the rear wheel of a fork lift he was operating, struck a hole, in the broken/cracked floor of the aforesaid loading entrance." He alleged that defendant was negligent in allowing the "entrance and sidewalk" to be cracked and broken.
In a supplemental bill of particulars plaintiff alleged that the accident occurred at the loading entrance and the "adjacent and abutting driveway/sidewalk" and asserted, among other things, a violation of Administrative Code of City of NY § 7-210.
At his deposition plaintiff testified that he had worked at United Pickle for eight years and that United Pickle used the first and third floors for production and had offices on the second floor. Plaintiff described the garage entrance as having a garage door and a curtain made of plastic sheets. The delivery trucks that came to deliver pickles and other materials would park in the street outside the main entrance, and a United Pickle worker would drive a forklift or Hi-Lo out to the truck to receive the delivery. Plaintiff's job involved loading buckets on and off the delivery trucks using the forklift. He would go in and out of the entrance door with the forklift around 50 times a day.
When asked if he was on one of the three floors that United Pickle used when he was injured, plaintiff replied, "First floor." However, plaintiff did not have the opportunity to clarify his answer, because the deposition concluded early due to his pain. Although both parties consented to continuing the deposition at a later date, defendant moved for summary judgment before completing plaintiff's deposition and before plaintiff conducted any depositions.
Defendant moved for summary judgment dismissing the complaint, arguing that plaintiff alleged that the accident occurred on the first floor of the premises when the forklift hit a crack in the cement floor, and, since she was an out-of-possession landlord, she was not responsible for maintaining the premises and owed no duty of care to plaintiff, who was limited to his remedies under the Workers' Compensation Law. Specifically, she argued that, under the terms of a lease agreement with United Pickle dated June 1, 1984, United Pickle was obligated to perform maintenance and all structural and nonstructural repairs, that she did not retain a right of re-entry for the purposes of inspection[*2], repairs, or maintenance, and that the accident did not involve a structural condition or violation of a statutory safety provision. Defendant also argued that, even if she had a duty to plaintiff, she had no notice of the defective condition. She asserted that she rarely visited the premises and that she was not involved in United Pickle's business operations, although her son co-owned the business.
In support of her motion, defendant annexed, among other things, a 10-year lease with United Pickle, dated June 1, 1984. Under the lease, United Pickle, as tenant, was "responsible for all . . . repairs, improvements and or other charges or expenses in connection with the operation and maintenance of the building." The lease permitted defendant, as landlord, to re-enter the premises if United Pickle failed to pay rent when it became due.
Defendant also annexed an affidavit by her son, Marvin Weishaus, who was the co-owner of United Pickle with Stephen Leibowitz and served as the company's president. Mr. Weishaus averred that the lease had never been renewed or modified and that United Pickle continued to lease the premises on a month-to-month basis under the terms of the original lease. He stated that United Pickle adhered to its obligations under the original lease, including the performance of all structural and nonstructural repairs without needing to notify the landlord of such repairs. He stated that the loading entrance was exclusively maintained and controlled by United Pickle.
Mr. Weishaus averred that the brine and salt used in the pickling operations caused damage over time to the concrete floor within the building and on the sidewalk and curb adjacent to the premises and that the floor was regularly repaired by United Pickle's maintenance crew, including plaintiff. Defendant also annexed an affidavit by Stephen Leibowitz, the co-owner of United Pickle, who reiterated that defendant was not involved in the company's operations or in the maintenance of the premises and that repairs to the concrete floor at or near the loading entrance were routinely performed as necessary by United Pickle employees, including plaintiff.
As relevant here, plaintiff opposed the motion, arguing that defendant mischaracterized his deposition testimony, as the accident occurred on the sidewalk/driveway adjacent to and abutting the first floor of the premises, as he had alleged since the outset of the case. He argued that defendant, as owner, had a nondelegable statutory duty pursuant to Administrative Code § 7-210 to maintain the sidewalk abutting her property in a reasonably safe condition and failed to do so.
In his supporting affidavit, plaintiff further averred that the accident occurred while he was driving up the warehouse's driveway, which ran across the sidewalk, when the single rear wheel on the forklift he was operating became lodged in a hole and depression on the sidewalk/driveway, causing him to be shaken up and down, resulting in cervical [*3]spine injury. He stated that the defective condition of the sidewalk/driveway extended into the floor of the warehouse. Plaintiff annexed photographs of the broken and defective condition after repairs had been made and averred that the area he had circled on one of the photographs was where the accident had occurred. That photo shows an area on the ground in front of the plastic curtain at the garage entrance and between the sides of the loading dock entryway; the circled spot has jagged edges that appear to be a slightly different color than the surrounding area.
Supreme Court granted defendant's motion. The court found that defendant established prima facie that she was an out-of-possession landlord with a lease placing responsibility for maintenance and repair squarely on the tenant. The court also found that defendant was not contractually obligated under the lease to make repairs or maintain the premises, that she did not retain a right to re-enter and make needed repairs to the premises, and that there was no evidence of a significant structural or design defect that was contrary to specific statutory safety provisions. The court determined that plaintiff failed to raise a triable issue of fact, as there was no showing that defendant owed a duty to him to maintain and repair the premises or that she had any control over the premises.
We now reverse. Although we find that defendant was an out-of-possession landlord and not liable for negligence if the accident occurred within the property, there are issues of fact as to exactly where the accident occurred and whether the damaged entranceway extended into the sidewalk implicating section 7-210 of the Administrative Code.
An out-of-possession landlord "is generally not liable for negligence with respect to the condition of property . . . unless [she] is either contractually obligated to make repairs and/or maintain the premises or has a contractual right to reenter, inspect and make needed repairs . . . and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (Sapp v S.J.C. 308 Lenox Ave. Family L.P., 150 AD3d 525, 527 [1st Dept 2017] [internal quotation marks omitted]).
However, the Administrative Code requires owners of real property abutting any public sidewalk to maintain that sidewalk in a reasonably safe condition (Administrative Code § 7-210; Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 173-174 [2019]; Tropper v Henry St. Settlement, 190 AD3d 623 [1st Dept 2021]). This duty, on in- and out-of-possession landlords alike, is nondelegable (Xiang Fu He, Inc., 34 NY3d at 174). The statute does not impose strict liability, and thus a plaintiff must still prove the elements of negligence in order to hold an owner liable (Xiang, 34 NY3d at 171). Administrative Code § 19-101(d) defines "sidewalk" as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines" (see [*4]James v 1620 Westchester Ave., LLC, 105 AD3d 1, 5 [1st Dept 2013]). If the area where plaintiff's accident occurred was either inside the premises or at an entrance that was within defendant's property, the Administrative Code does not apply (see Vosper v Fives 160th, LLC, 110 AD3d 544, 544 [1st Dept 2013]).
Defendant met her initial burden of establishing that she was an out-of-possession landlord by submitting the lease and the affidavits by United Pickle's co-owners. The lease that governed the month-to-month tenancy obligated United Pickle to undertake all repairs and maintenance on the property (see Vasquez v The Rector, 40 AD3d 265, 266 [1st Dept 2007]) and provided defendant with a right of re-entry only if United Pickle failed to pay rent in a timely manner (see DeLeon v Port Auth. of N. Y. & N. J., 306 AD2d 146, 146 [1st Dept 2003]). Furthermore, the alleged defective condition in the floor/sidewalk identified by plaintiff was not a significant structural defect that was contrary to a specific statutory safety provision (see Quing Sui Li v 37-65 LLC, 114 AD3d 538, 539 [1st Dept 2014]). Thus, the burden shifted to plaintiff to raise issues of fact regarding defendant's status as an in-possession landlord.
Plaintiff failed in this regard. Mr. Weishaus established that he, as co-owner of United Pickle, maintained the premises, while defendant collected monthly rent checks. That Mr. Weishaus has power of attorney over her affairs has no bearing on her liability as owner of the premises.
Defendant, however, failed to establish prima facie that plaintiff's accident occurred at the entrance to the premises and not on the public sidewalk. Defendant's reliance on plaintiff's testimony that his injury occurred on the "[f]irst floor" of the warehouse is misleading, since plaintiff was not given the opportunity to clarify his response. And, although he averred that the broken area was in the area of the "[p]roduction line, entrance," that testimony does not preclude a finding that he was injured on the sidewalk near the entrance. Plaintiff submitted a photograph on which he circled the area of the accident. To be sure, the photograph seems to support defendant's position that the accident occurred on the premises and not on the sidewalk, but it does not conclusively establish that fact. Equally consistent with what is depicted in the photograph is that the broken area extended slightly into the sidewalk. Given the uncertainty, the issue of where the accident occurred should be decided at trial and not on a motion for summary judgment. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021