De Paz v 4221 Broadway Owner LLC (2023 NY Slip Op 00947)

De Paz v 4221 Broadway Owner LLC

2023 NY Slip Op 00947

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 159720/19 Appeal No. 17367 Case No. 2022-02272 

[*1]Jose De Paz, Plaintiff-Appellant,
v
4221 Broadway Owner LLC, Defendant-Respondent, Tierra Y Mar Restaurant, Inc., Defendant.

Mallilo & Grossman, Flushing (Ankesh Sharma of counsel), for appellant.
Hickey Smith Dodd LLP, New York (Domenick D'Angelica of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about April 28, 2022, which granted defendant 4221 Broadway Owner LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff seeks to recover damages for injuries he sustained when he fell down a staircase through open cellar doors outside premises owned by defendant landlord 4221 Broadway and leased to defendant Tierra Y Mar Restaurant.
Defendant 4221 Broadway demonstrated prima facie entitlement to summary judgment dismissing the complaint. As an out-of-possession landlord, 4221 Broadway is generally not liable for negligence based on the condition of the demised premises "unless [it] is either contractually obligated to make repairs and/or maintain the premises or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (Quing Sui Li v 37-65 LLC, 114 AD3d 538, 539 [1st Dept 2014]). The record demonstrates that the accident occurred because Tierra left the cellar doors open, and not because the cellar doors had a structural or design defect. Accordingly, there is no basis upon which to find 4221 Broadway liable for plaintiff's injury (see Harrington v Azogues Corp., 191 AD3d 529 [1st Dept 2021]; Matias v West 16th Realty LLC, 189 AD3d 681, 682 [1st Dept 2020]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023