Brooks v Village of Fairport (2023 NY Slip Op 02203)

Brooks v Village of Fairport

2023 NY Slip Op 02203

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

130 CA 21-01814

[*1]LINDA BROOKS, PLAINTIFF-APPELLANT,
v
VILLAGE OF FAIRPORT, DEFENDANT-RESPONDENT. 

THE RUSSELL FRIEDMAN LAW GROUP, LLP, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MORRIS DUFFY ALONSO FALEY & PITCOFF, NEW YORK CITY (IRYNA S. KRAUCHANKA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 17, 2021. The order, inter alia, granted the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries that she allegedly sustained when she tripped and fell on a raised crack in a sidewalk slab purportedly caused by the roots of a curbside tree planted in an area adjacent to the sidewalk slab. Plaintiff, as limited by her brief, appeals from an order insofar as it granted defendant's motion for summary judgment dismissing the complaint. We affirm.
Defendant met its initial burden by establishing that it did not receive prior written notice of the allegedly dangerous or defective condition of the sidewalk as required by Village Law § 6-628 and the Code of the Village of Fairport § 336-1 (see Franklin v Learn, 197 AD3d 982, 983 [4th Dept 2021], lv denied 37 NY3d 918 [2022]; see generally Yarborough v City of New York, 10 NY3d 726, 728 [2008]), and plaintiff does not dispute on appeal the absence of prior written notice (see Yarborough, 10 NY3d at 728; Simpson v City of Syracuse, 147 AD3d 1336, 1337 [4th Dept 2017]).
The burden thus shifted to plaintiff to raise a triable question of fact, as relevant here, as to whether defendant "affirmatively created the defect through an act of negligence . . . 'that immediately result[ed] in the existence of a dangerous condition' " (Yarborough, 10 NY3d at 728; see Horst v City of Syracuse, 191 AD3d 1297, 1301 [4th Dept 2021]; Simpson, 147 AD3d at 1337). Plaintiff failed to meet that burden. Even assuming, arguendo, that the affidavit of plaintiff's expert and other submissions are sufficient to establish that the defect in the sidewalk was caused by the growth of roots of a curbside tree that was planted and maintained by defendant, defendant's planting of the tree coupled with its subsequent "failure to control the roots of the tree, would at most constitute nonfeasance, not affirmative negligence" (Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726 [2d Dept 2003]; see Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 919 [1989]; Dragonetti v 301 Mar. Ave. Corp., 180 AD3d 870, 871 [2d Dept 2020]; Zizzo v City of New York, 176 AD2d 722, 723 [2d Dept 1991]; see also Oswald v City of Niagara Falls, 13 AD3d 1155, 1157 [4th Dept 2004]). Additionally, even if defendant's alleged conduct constituted affirmative negligence, plaintiff still "failed to raise a triable question of fact as to whether [defendant] created a defective condition within the meaning of the exception, which requires that the affirmative negligence of [defendant] immediately result in the existence of a dangerous condition" (Yarborough, 10 NY3d at 728). As plaintiff's own expert acknowledged, the defect in the sidewalk developed over time, [*2]not immediately, as a result of the gradual growth of the tree roots (see id.; Burke v City of Rochester, 158 AD3d 1218, 1219 [4th Dept 2018]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court