| |
|---|
| **Rodriguez v Shout 1, LLC** |
| 2024 NY Slip Op 33660(U) |
| October 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151920/2019 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-------------------------------------------------------------------------------X

VANESA LEE RODRIGUEZ,

Plaintiff,

- v -

SHOUT 1, LLC,MARTIN NEWMAN, ERIC BORKOWSKI,
141-143 SECOND AVENUE LLC,CITI URBAN
MANAGEMENT CORP.,

Defendant.

-------------------------------------------------------------------------------X

SHOUT 1, LLC, MARTIN NEWMAN, ERIC BORKOWSKI, 141-
143 SECOND AVENUE LLC, CITI URBAN MANAGEMENT
CORP.

Plaintiff,

-against-

DASMIA, INC., OTTO'S TACOS, LLC

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151920/2019 |
| **MOTION DATE** | 02/20/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595523/2020

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102

were read on this motion to/for                JUDGMENT - SUMMARY                 .

Third-party defendant Otto's Tacos, LLC ("Otto's") moves for summary judgment

dismissing the third-party complaint seeking contribution and indemnification, which is opposed

by defendants/third-party plaintiffs Shout 1, LLC, Martin Newman, Eric Borkowski, 141-143

Second Avenue LLC, and Citi Urban Management Corp. (collectively "Defendants/Third-Party

Plaintiffs").  Plaintiff Vanessa Rodriguez ("Plaintiff") and third-party defendant Dasmia, Inc.

("Dasmia") have taken no position on the motion.

**151920/2019   RODRIGUEZ, VANESA LEE vs. SHOUT 1, LLC**
 Motion No.  002

**Page 1 of 4**

1 of 4

[* 1]

This action arises out of injuries sustained by Plaintiff on July 4, 2018 while working on the premises at 141-143 Second Avenue in Manhattan ("Premises"), which at the time was owned and managed by Defendants/Third-Party Plaintiffs. Plaintiff was employed by Otto's and had been transferring prepared food to a basement refrigerator on the day of her accident. She testified that she was carrying two hot food trays, one in each arm, down the stairs when she fell (NYSCEF Doc. No. 88, Plaintiff EBT at 44). These stairs had threading on their edges which Plaintiff testified looked "worn down" (Plaintiff EBT at 64).

Dasmia leased the Premises from Defendant 141-143 Second Ave LLC and assigned the lease to Otto's (NYSCEF Doc. No. 92, Lease). The Lease contained an indemnification provision stating that "Tenant shall indemnify and hold harmless Landlord . . . against any and all personal injury . . . claims arising from or in connection with . . . (c) any accident, injury or damage whatever (unless caused by Landlord's negligence) occurring in the Premises" (Lease § 15.03). The Lease further provided that the tenant was responsible for all non-structural repairs (*id*. § 3.01). However, the Lease does not define "structural repairs" or distinguish them from non-structural repairs and does not specify whether the interior stairs were a structural or non-structural component of the Premises.

In their third-party complaint, Defendants/Third-Party Plaintiffs seek contractual and common law indemnification and contribution from Otto's and Dasmia. Otto's contends that these claims should be dismissed because Plaintiff's injuries were caused by a structural defect on the stairs she fell down and that Defendants/Third-Party Plaintiffs were responsible under the Lease for making structural repairs on the Premises. Defendants/Third-Party Plaintiffs argue that the stairs were a non-structural feature of the Premises and that Otto's is therefore liable for their condition.

**151920/2019   RODRIGUEZ, VANESA LEE vs. SHOUT 1, LLC**
**Motion No.  002**

**Page 2 of 4**

2 of 4

On a motion for summary judgment, a movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). After the movant makes this showing, "the burden shifts to the party opposing the motion . . . to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" such that trial of the action is required (*id.*). The Court must view the facts "in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). "The right to contractual indemnification depends upon the specific language of the contract" (*DiBrino v Rockefeller Center North, Inc.*, 230 AD3d 127, 136 [1st Dept 2024] [internal quotations and citations omitted]).

The Court finds that there are issues of fact that preclude summary judgment. Otto's fails to establish that the staircase was a structural feature of the Premises that would have been the Defendants/Third-Party Plaintiffs' responsibility to maintain under the Lease. It does not present any evidence demonstrating that the stairs were structural under a specific statutory safety provision or that the alleged condition that caused Plaintiff's injury was a significant structural or design defect in violation of any such provision (*cf. Kamara v 323 Pas Owner LLC*, 211 AD3d 606 [1st Dept 2022]; *Podel v Glimmer Five, LLC*, 117 AD3d 579, 580 [1st Dept 2014]). Additionally, the testimony it submits in support of its motion offers contradictory assessments about what constituted structural versus non-structural repairs under the Lease. Otto Cedeno, Otto's managing member, testified that he believed "non-structural" repairs to involve "our menu boards or our kitchen equipment, furniture to sit on, painting the walls, decorating the walls, et cetera" but did not mention whether the stairs were in this category (NYSCEF Doc. No. 90, Cedeno EBT at 19). In contrast, the property manager, Lukasz Stapor, testified that the

**151920/2019   RODRIGUEZ, VANESA LEE vs. SHOUT 1, LLC**
**Motion No.  002**

**Page 3 of 4**

tenant would be responsible for inspecting, repairing, and reconstructing the stairs inside the Premises (NYSCEF Doc. No. 91, Stapor EBT at 17-18). Stapor further maintained that the property manager was not responsible at all for the stairwell in which Plaintiff was injured (*id*. at 19).

The evidence submitted by Otto's also contains contradictory assessments as to the condition of the stairs on which Plaintiff fell. Although Plaintiff testified that the stairs were worn down, Cedeno testified that he did not notice any issues with the stairs or ever report any issues with them to the landlord (Cedeno EBT at 13-14). Otto's does not annex any expert report or other information regarding the condition of the staircase at the time of Plaintiff's accident.

For these reasons, Otto's fails to set forth a prima facie case that Plaintiff's accident was caused by a structural condition within the meaning of the Lease such that the Defendants/Third-Party Plaintiffs would be liable under its indemnification provision. Summary judgment must therefore be denied on Otto's indemnification causes of action.

Accordingly, it is hereby:

ORDERED that the motion is denied.

| **10/16/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151920/2019 RODRIGUEZ, VANESA LEE vs. SHOUT 1, LLC**
**Motion No. 002**

**Page 4 of 4**

4 of 4