Ebrahim v Twin Dev., LLC (2025 NY Slip Op 02411)

Ebrahim v Twin Dev., LLC

2025 NY Slip Op 02411

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 161012/14|Appeal No. 3924|Case No. 2024-05716|

[*1]Nabil Ebrahim, Plaintiff-Respondent,
v
Twin Development, LLC, Defendant-Appellant.

Della Jacono & Ross PLLC, White Plains (William K. Kerrigan of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about August 19, 2024, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant demonstrated prima facie that it was an out-of-possession landlord with no obligation to maintain and repair the premises (see Putnam v Stout, 38 NY2d 607, 617 [1976]). A landlord is not generally liable for negligence with respect to the condition of property after possession and control of the property is transferred to a tenant unless "the landlord is either contractually obligated to make repairs or maintain the premises," or the landlord has a contractual right to reenter, inspect, and make needed repairs at the tenant's expense and "liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (Malloy v Friedland, 77 AD3d 583, 583 [1st Dept 2010]). Here, the provisions of the lease made the tenant responsible for the maintenance and repair of the demised premises, including structural repairs, and the testimony of defendant's manager confirmed that defendant was not obligated to perform repairs or maintenance and did not regularly do so (see Byrd v Brooklyn 46 Realty, LLC, 129 AD3d 882, 883 [2d Dept 2015]). Furthermore, although the lease provided defendant with the right to reenter the premises, the open trap door, which caused the accident, is not a significant structural defect, nor is the absence of walls surrounding the stairway (see Malloy, 77 AD3d at 584; Podel v Glimmer Five, LLC, 117 AD3d 579, 580 [1st Dept 2014], lv denied 24 NY3d 903 [2014]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether defendant engaged in a course of conduct indicating that it had not relinquished control over the demised premises thus creating a duty on its part to repair and maintain the accident site (see Matias v West 16th Realty LLC, 189 AD3d 681, 682 [1st Dept 2020]). Defendant's payment of a few small repair related invoices does not raise an issue of fact.
Plaintiff also failed to present evidence sufficient to raise a triable issue of fact concerning defendant's knowledge that the walls around the staircase had been removed and that the trap door had been installed. Defendant's manager denied that he was aware of the alteration, and the photographs he took before the tenant's occupancy show that the walls were present at that time. Moreover, plaintiff did not provide a permit application for the alterations. Although the manager admitted visiting the premises 10 times in 25 years, he stated that after the tenant occupied the premises he never went past the register counter to the area where the staircase and trap door were located, and plaintiff presented no evidence to call this testimony into question. Plaintiff's expert also stated that the dangerous [*2]condition of the stairway and trap door was created during the tenant's occupancy.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025