Engley v 639 Jefferson Place, LLC (2025 NY Slip Op 03971)

Engley v 639 Jefferson Place, LLC

2025 NY Slip Op 03971

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Index No. 33491/20|Appeal No. 4651-4652|Case No. 2024-02304, 2024-06083|

[*1]Floyd Engley, Plaintiff-Respondent-Appellant,
v
639 Jefferson Place, LLC, Defendant, Certina Robinson, Defendant-Appellant-Respondent, The City of New York, Defendant-Respondent. 

The Gold Law Firm, P.C., Bellmore (John Calabro of counsel), for appellant-respondent.
Harris Keenan & Goldfarb, PLLC, New York (Jason Steinberg of counsel), for respondent-appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 28, 2024, which granted defendant the City of New York's motion to dismiss the complaint as against it pursuant to CPLR 3211 and 3212, unanimously affirmed, without costs. Order, same court and Justice, entered March 28, 2024, which denied plaintiff's motion for summary judgment on the issue of liability as against defendant Certina Robinson and striking all affirmative defenses of comparative fault, unanimously reversed, on the law, without costs, and the motion granted.
In this trip-and-fall action, plaintiff alleges that he tripped as a result of a height differential between two sidewalk flags adjacent to two properties, one of which is owned by defendant Robinson.
Supreme Court correctly granted defendant City's motion for summary judgment dismissing the complaint as against it because the City demonstrated that it lacked prior written notice of any sidewalk defect (Administrative Code of City of NY § 7-201 [c][2]). In opposition, Robinson did not show that either of the exceptions to the prior written notice requirement applied (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Moreover, the City is not liable for sidewalk defects where, as here, the abutting property is not an owner-occupied residence (Administrative Code § 7-210[c]), even if, as Robinson suggests, trees planted by the City caused the defect (see Yarborough, 10 NY3d at 728; Brooks v Village of Fairport, 215 AD3d 1234, 1235 [4th Dept 2023]).
Plaintiff, however, established entitlement to summary judgment on the issue of Robinson's liability and on the issue of his own lack of comparative fault (see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797 [2016]). Plaintiff submitted photographs that he described as showing that the defect was on a portion of the sidewalk adjacent to Robinson's property. In opposition, Robinson argued that the City was responsible for creating the defect, but did not raise an issue as to whether the defect abutted her property or whether it met the requirements of Administrative Code § 19-152(a)(4) thus requiring repair.
In addition to a violation of Administrative Code § 7-210, plaintiff established Robinson's negligent maintenance of the sidewalk (see Vargas v Weishaus, 199 AD3d 620, 624 [1st Dept 2021]). Plaintiff demonstrated defendant's constructive notice of the defect through photographs depicting the condition and the testimony of Robinson's husband establishing the lack of any program for inspection of her property or the sidewalk abutting it (see Conklin v 500-512 Seventh Ave., LP, LLC, 159 AD3d 451, 451 [1st Dept 2018]). The testimony also showed that defendant failed to repair the sidewalk prior to plaintiff's accident, in violation of Administrative Code § 7-210. As plaintiff established constructive notice, the cause of the defect is not of consequence here (see Gallis v 23-21 33 Rd., LLC[*2], 198 AD3d 730, 732 [2d Dept 2021]). Thus, contrary to the motion court's finding, there was no issue of fact sufficient to deny the motion (compare Grullon v City of New York, 297 AD2d 261 [1st Dept 2002]). Based on the foregoing, plaintiff was entitled to summary judgment on the issue of Robinson's liability, regardless of his comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 324 [2018]). In any event, plaintiff demonstrated his own lack of fault through his deposition testimony, and Robinson failed to raise any question of fact on that issue.
We have considered Robinson's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025