Pritchett v American Golf Corp. (2025 NY Slip Op 05929)

Pritchett v American Golf Corp.

2025 NY Slip Op 05929

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 33798/19|Appeal No. 5061|Case No. 2025-00596|

[*1]Deborah Pritchett, Plaintiff-Appellant,
v
American Golf Corporation, et al., Defendants-Respondents, Split Rock Golf Club, Inc., Defendant.

Restivo & Murphy LLP, Garden City (Michael Cassell of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Julia Audibert of counsel), for respondents.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about January 3, 2025, which, to the extent appealed from, denied plaintiff's cross-motion for leave to serve an amended bill of particulars, unanimously affirmed, without costs.
Plaintiff's cross-motion to amend her bill of particulars was made three months after the note of issue was filed, and five years after plaintiff commenced the action. Under the circumstances, she was required to demonstrate a reasonable excuse for her delay (see Silber v Sullivan Props., L.P., 182 AD3d 512, 513 [1st Dept 2020]). However, plaintiff's expert inspected the staircase on which plaintiff allegedly fell prior to the commencement of the action, and plaintiff offers no explanation why the code and statutory provisions she now identifies as additional bases of liability could not have been asserted in her original bill of particulars (see Perez v New York City Health & Hosps. Corp., 226 AD3d 602, 602-603 [1st Dept 2024], lv dismissed 43 NY3d 985 [2025]; Stovall v Lenox Hill Hosp., 200 AD3d 570, 571 [1st Dept 2021]).
In any event, the proposed amendments fail because they are clearly lacking in merit (see Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]). Ordinarily, a plaintiff should be granted leave to amend a bill of particulars to assert violations of codes, statutes, and/or regulations that "'merely amplify and elaborate upon facts and theories already set forth in the original bill of particulars, [and] raise no new theory of liability,'" absent a prejudice to the nonmoving party (Malerba v New York City Tr. Auth., 236 AD3d 596, 597 [1st Dept 2025]). That is not the case, however, where the codes, statutes, and/or regulations sought to be added are plainly inapplicable (see Bawa v JJ. Operating Inc., 234 AD3d 517, 518 [1st Dept 2025]). Here, the Building/Administrative Code provisions sought to be added by plaintiff to her bill of particulars either apply only to stairs that serve as a means of egress from the interior of a building, which clearly do not apply to the type of stairs on which plaintiff fell (see Gaston v New York City Hous. Auth., 258 AD2d 220, 224 [1st Dept 1999]). Plaintiff's other asserted code violations relate to, general, nonspecific safety provisions that cannot serve as an independent basis of liability (see Centeno v 575 E. 137th St. Real Estate, Inc., 111 AD3d 531, 531 [1st Dept 2013]), or are contained in versions of codes that postdate the construction of the building. The Fire Code provisions sought to be added by plaintiff do not apply because, again, the staircase was not a means of egress from the building. Finally, the proposed addition of the Landmarks Preservation Law is irrelevant because plaintiff offers no support for the proposition that a violation of the Landmarks Preservation Law can support a cause of action sounding in negligence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025