■ MAURICIO SALAZAR, Appellant, v FIVES 160TH LLC et al., Respondents, et al., Defendants. [937 NYS2d 38]—

Plaintiff seeks damages for injuries sustained when he received an electric shock upon opening the front door of defendant 99¢ store. The store was operated by defendant Daska, pursuant to a lease with the owner, defendant Fives, which employed defendant Beachlane to manage the building.

The owner and managing agent made a prima facie showing of entitlement to judgment as a matter of law by submitting the lease and deposition testimony. In response, plaintiff failed to raise a triable issue of fact. The record establishes, by the terms of the lease and the conduct of the parties, that the owner was an out-of-possession landlord; thus, it may not be liable to plaintiff in the absence of prior notice of the defect and responsibility for maintenance and repair (*see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp.*, 299 AD2d 230, 231 [2002]). Here, there is no evidence that the owner and managing agent had actual or constructive notice of any dangerous or defective electrical condition at the premises. The owner's retention of the right to reenter the premises for repairs does not raise an issue of fact as to constructive notice, given the absence of evidence, or even an allegation, of "a significant structural or design defect that is contrary to a specific statutory safety provision" (*McDonald v Riverbay Corp.*, 308 AD2d 345, 346 [2003] [internal quotation marks omitted]).

The doctrine of res ipsa loquitur is inapplicable; the terms of the lease, which placed responsibility for maintenance of nonstructural conditions of the premises on the tenant, establish that the owner and managing agent did not have exclusive control of the electrical system at the premises (*see Pavon v Rudin*, 254 AD2d 143, 147 [1998]).

We reject plaintiff's claim that he is entitled to damages as a third-party beneficiary of the lease. The record establishes that plaintiff is, at most, an incidental beneficiary of the insurance provision in the lease (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336-337 [1983]; *Green v Fox Is. Park Autobody*, 255 AD2d 417, 418-419 [1998]). That plaintiff was a "business invitee" does not mandate a different result.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.