(May 18, 2017)

■ CELESTE SAPP, Respondent, v S.J.C. 308 LENOX AVENUE FAMILY LIMITED PARTNERSHIP, Appellant. [56 NYS3d 32]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about August 19, 2016, which, in this action for personal injuries sustained in a slip and fall, denied defendant's motion for summary judgment dismissing the complaint without prejudice to renewal upon completion of discovery, and granted plaintiff's cross motion to compel discovery, unanimously reversed, on the law, without costs, the motion for summary judgment granted, and the cross motion denied as academic. The Clerk is directed to enter judgment dismissing the complaint.

Defendant leased the entire third and fourth floors of the building it owned to plaintiff's employer, Bill Lynch Associates (BLA). The leased premises were only accessible via a door located at street level that opened onto a staircase that went directly to, and only to, the leased premises. Pursuant to the lease between defendant and BLA, BLA was responsible for maintenance of "the demised premises or any other part of the building and the systems and equipment thereof, whether requiring structural or nonstructural repairs caused by or resulting from carelessness, omissions, neglect or improper conduct of [BLA], [BLA]'s subtenants, agents, employees, invitees or licensees, or which arise out of any work, labor, service or equipment done for or supplied to [BLA] or any subtenant arising out of the installation, use or operation of the property or equipment of [BLA] or any subtenant." The rider to the lease provided that BLA "shall provide cleaning and maintenance of" the premises.

On June 15, 2012, plaintiff slipped and fell on the staircase, due to an allegedly wet condition, and commenced this action. After the parties engaged in some discovery, but before they conducted depositions, defendant moved for summary judgment. The motion was based primarily on the affidavit of its general partner, Solomon Cromwell. Cromwell referenced the lease provisions cited above, and averred that defendant never cleaned, or hired someone else to clean, the subject premises, including the stairwell where plaintiff slipped. In fact, Cromwell asserted, BLA controlled access to the door and the staircase; neither the other tenant in the building nor defendant itself had a key to the door that led to the staircase. Thus,

even if defendant had wanted to clean the staircase, it could not have. Cromwell further denied that defendant created or had notice of the wet condition responsible for the accident.

Plaintiff opposed the motion, arguing in an attorney's affirmation that it was premature, since discovery had not been completed and there were still facts within the exclusive knowledge of defendant that it was entitled to uncover. Her cross motion sought to compel such disclosure. Specifically, plaintiff asserted that she was not afforded an opportunity to depose Cromwell and ask him whether defendant hired anyone to clean and maintain the stairwell on a daily or weekly basis or had an employee who did so, that she had no chance to obtain documents regarding whether there was a leak in the stairwell, and that she was deprived of any logbooks regarding cleaning the stairwell so that she could determine whether defendant had actual or constructive notice of any slippery condition. Plaintiff further contended that defendant failed to satisfy its prima facie burden. This was because defendant failed to submit an affidavit from BLA stating that BLA was the only entity that had access to the stairwell or any responsibility to maintain it, and otherwise failed to establish that the stairwell was not part of the building's common areas for which only defendant was responsible.

The court denied defendant's motion for summary judgment, without prejudice to renewal upon completion of discovery, and granted plaintiff's cross motion to compel discovery to the extent of directing defendant to comply with the court's most recent discovery order. The court found that there were triable issues, among other things, as to the nature and source of the substance on the stairwell, defendant's notice of the alleged defective condition, and defendant's contractual obligation to clean and maintain the stairwell. The court noted that, although paragraph 4 of the lease and paragraph 46 of the lease rider provided that the tenant was responsible for maintaining the premises, the lease also provided that the owner shall maintain the public portions of the building interior and that the tenant was required to give the owner prompt notice of any defective condition on the premises for which the owner may be responsible, which, according to the court, was language "indicating that the owner had some responsibility for the stairwell." The court further pointed to the absence in Cromwell's affidavit of any mention of a property manager or anyone else connected with defendant who may have been present in the building more than once per month, if not on a daily basis, and the lack of any allegations as to the other tenant's access and responsibilities for maintaining the stairwell.

Defendant argues on appeal that it cannot be held liable for plaintiff's accident because the record is clear, without the need for further discovery, that it was an out-of-possession landlord. An out-of-possession landlord "is generally not liable for negligence with respect to the condition of property . . . unless [it] is either contractually obligated to make repairs and/or maintain the premises or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1st Dept 1996], *lv denied* 88 NY2d 814 [1996]). The first question, then, is whether, specifically with respect to the staircase where plaintiff slipped, there was a "transfer of possession and control" from defendant to BLA (*id.*). As Cromwell stated in his affidavit, the staircase was exclusively for access to the third and fourth stories that BLA leased; it did not go to the other parts of the building that were leased to another tenant. Moreover, only BLA and its invitees had the ability to access the door through a key or a buzzer system, and defendant did not have a key that would it permit it to access the stairwell. This was sufficient for defendant to shift the burden to plaintiff to raise an issue of fact.

Plaintiff failed to offer any evidence to rebut defendant's position that it did not possess and control the staircase for liability purposes. Instead, she complained that defendant did not secure an affidavit from BLA buttressing that claim. However, defendant does not control BLA; indeed, as its employee, plaintiff had an equal opportunity to request an affidavit from BLA. Plaintiff ignores that CPLR 3212 (f), on which she relies, permits denial of a summary judgment motion as premature if the nonmovant can establish that "facts essential to justify opposition may exist but cannot then be stated." Plaintiff has not offered any reason why she could not have submitted an affidavit from BLA at the time her opposition to defendant's motion was due.

Defendant also satisfied its prima facie burden of demonstrating that neither of the exceptions to the out-of-possession landlord doctrine apply. First, the lease provisions cited by Cromwell clearly establish that defendant did not have a contractual obligation to maintain the demised premises. Plaintiff argues on appeal that the lease attached to Cromwell's affidavit expired before plaintiff's accident, and so defendant cannot rely on those provisions, but she did not raise that issue below and so is precluded from doing so now (*see Lopez v*

*Gramuglia*, 133 AD3d 424, 424 [1st Dept 2015]). In any event, Cromwell's reference in his affidavit to "[a] true copy of the lease between [defendant] and BLA in effect on June 15, 2012" (the day of the accident) suggests that BLA renewed the lease pursuant to the option contained in the copy attached to Cromwell's affidavit, with the same terms and conditions. Indeed, the fact that plaintiff was working for BLA at the building on the day of the accident suggests that the lease was renewed. Under those circumstances, the burden was on plaintiff to secure an affidavit from BLA raising a question as to the status of the lease on the day of the accident, or at least to explain why she could not.

Second, whether or not defendant had a right to reenter the leased premises, the accident was not caused by a structural or design defect that violated a specific statutory safety provision (*Johnson*, 227 AD2d at 326). Plaintiff alleged that defendant violated Administrative Code of the City of New York §§ 27-127 and 27-128, which she acknowledges were repealed but states were recodified in substantially similar form as Administrative Code § 28-301.1. However, those provisions, which set forth a general duty of maintenance and repair, are insufficiently specific to impose liability on an out-of-possession landlord (*see Dixon v Nur-Hom Realty Corp.*, 254 AD2d 66, 67 [1st Dept 1998]).

Because defendant established that it was an out-of-possession landlord with respect to the staircase, any discovery into whether and how often it or its employees and representatives visited the premises, or whether there was a leak condition on the staircase that landlord had notice of, would be irrelevant. Accordingly, since plaintiff failed to raise an issue of fact as to who was responsible for maintaining the staircase, the complaint should have been dismissed. Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.