■ LOURDES GUILBE, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [61 NYS3d 547]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered March 29, 2016, which, in this action for personal injuries sustained in a slip and fall, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendant established its entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord. The lease provisions cited by defendant show that it did not have a contractual obligation to maintain or repair the premises. Plaintiff argues that the lease attached to defendant's summary judgment motion expired before plaintiff's accident, and thus defendant cannot rely on those provisions. However, defendant's senior property representative testified that there was a restated lease agreement in effect at the time of plaintiff's accident, which did not change defendant's obligations regarding repairs and maintenance of the premises. The restated lease agreement that was subsequently submitted confirmed the testimony (*see Sapp v S.J.C. 308 Lenox Ave. Family L.P.*, 150 AD3d 525, 527-528 [1st Dept 2017]).

In opposition, plaintiff failed to raise a triable issue of fact since she did not demonstrate that the allegedly defective condition that caused her fall constituted a structural or design defect contrary to a specific statutory provision (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420 [1st Dept 2011]). Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.