Drame v 1650 Bushwick Realty Corp. (2021 NY Slip Op 06651)





Drame v 1650 Bushwick Realty Corp.


2021 NY Slip Op 06651


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 301116/16E, 83853/16 Appeal No. 14708-14708A Case No. 2021-00368, 2021-00369 

[*1]Mamadou Drame, Plaintiff-Appellant,
v
1650 Bushwick Realty Corp., Defendant-Respondent.
1650 Bushwick Realty Corp., Third-Party Plaintiff-Respondent,
v
SLS Car Wash, Inc., Third-Party Defendant-Respondent.


Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Smith Mazure, P.C., New York (Stacy I. Malinow of counsel), for 1650 Bushwick Realty Corp., respondent.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for SLS Car Wash, Inc., respondent.



Judgments, Supreme Court, Bronx County (Julia Rodriguez, J.), entered on or about July 30, 2020 and July 31, 2020, dismissing the complaint and the third-party complaint, and appeal therefrom bringing up for review an order, same court and Justice, entered July 23, 2020, which granted defendant/third-party plaintiff's and third-party defendant's (SLS) motions for summary judgment and denied plaintiff's motion to compel discovery, unanimously affirmed, without costs.
Defendant established prima facie that it was an out-of-possession landlord with no duty to plaintiff to maintain or repair its premises, in which SLS, its tenant, ran a car wash business (see DeJesus v Tavares, 140 AD3d 433 [1st Dept 2016]). The terms of the lease between defendant and SLS provided that defendant was not obligated to make repairs or maintain the premises where plaintiff's accident occurred; in addition, defendant's principal testified that he had no involvement in the car wash business after he sold it to SLS and retired (see Sapp v S.J.C. 308 Lenox Ave. Family L.P., 150 AD3d 525, 527 [1st Dept 2017]; Salazar v Fives 160th LLC, 91 AD3d 523, 524 [1st Dept 2012]). The lease placed the responsibility for nonstructural repairs squarely on SLS. While defendant retained a limited right of reentry, plaintiff does not allege that the missing cover of the conveyor belt on which he was injured constitutes a structural or design defect contrary to a specific statutory provision, for which defendant could be held liable (see Quing Sui Li v 37-65 LLC, 114 AD3d 538, 539 [1st Dept 2014]).
In opposition, plaintiff failed to raise an issue of fact. His argument that defendant, through its principal, exercised control over the premises at the time of the accident is belied by the record, which includes testimony by numerous witnesses showing that defendant's principal relinquished control after the car wash was sold in 2000. Given the lease and the other evidence that defendant was an out-of-possession landlord, the close familial relationship between defendant's principal and SLS's principals does not raise an issue of fact as to control (see Sapp, 150 AD3d at 528; Nielsen v 300 E. 76th St. Partners, LLC, 111 AD3d 414, 415 [1st Dept 2013]).
Plaintiff failed to make the requisite detailed showing of necessity for a fourth deposition of SLS through its officer, the daughter of defendant's principal (see
Colicchio v City of New York, 181 AD2d 528, 529 [1st Dept 1992]; Alexopoulos v Metropolitan Transp. Auth., 37 AD3d 232, 233 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021