Souma v Third Ave. Realty Mgt., Inc. (2022 NY Slip Op 02885)

Souma v Third Ave. Realty Mgt., Inc.

2022 NY Slip Op 02885

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 22137/16 Appeal No. 15810 Case No. 2021-02168 

[*1]Damon Souma, Plaintiff-Appellant,
v
Third Avenue Realty Management, Inc., Defendant-Respondent, People's Choice Barbershop, Inc., Defendant. [And a Third-Party Action]

Wingate, Russotti, Shapiro & Halperin, LLP, New York (David M. Schwarz of counsel), for appellant.
The Di Pippo Law Group, LLC, Garden City (Eric D. Mercurio of counsel), for respondent.

Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered March 25, 2021, which granted Third Avenue Realty's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on liability, unanimously affirmed, without costs.
The court properly concluded that the stairway where plaintiff fell was part of the demised premises described in the lease because the second floor of the building was accessible exclusively through the stairway, which did not provide access to other parts of the building.
Third Avenue demonstrated that it was an out-of-possession landlord that was not responsible for maintaining the stairway (see Putnam v Stout, 38 NY2d 607, 617 [1976]; Johnson v Urena Serv. Ctr., 227 AD2d 325, 326 [1st Dept 1996]). The lease rider at issue expressly stated that the Barbershop was required to make all repairs necessary to keep the demised premises in good condition and in compliance with all regulations. Although ¶¶ 13 and 50 of the lease stated that Third Avenue had the right to re-enter the demised premises to make repairs, the conditions cited by plaintiff were not significant structural defects such that liability may be imposed on Third Avenue (see Vargas v Weishaus, 199 AD3d 620, 623 [1st Dept 2021]). Varying riser heights and tread and handrail violations are insufficient to impose liability on an out-of-possession landlord since they are not structural defects (see Podel v Glimmer Five, LLC, 117 AD3d 579, 580 [1st Dept 2014], lv denied 24 NY3d 903 [2014]). We decline plaintiff's invitation to overrule our existing authority on this issue. Moreover, violation of Administrative Code of City of NY § 28-301.1 is not sufficiently specific to impose liability on Third Avenue (see Sapp v S. J. C. 308 Lenox Ave. Family L.P., 150 AD3d 525, 528 [1st Dept 2017]). In any event, Third Avenue did not have exclusive control of the stairway. The principals of the landlord, Third Avenue, both testified that they did not have keys to the door leading to the stairway and plaintiff testified that the lighting in the stairway was improved after he complained to the owner of Barbershop (see Vargas v Weishaus, 199 AD3d at 623).
The court correctly denied plaintiff's motion despite the absence of testimony rebutting his version of the accident, for the reasons noted above.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022