Ghodbane v 111 John Realty Corp. (2022 NY Slip Op 06429)

Ghodbane v 111 John Realty Corp.

2022 NY Slip Op 06429

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 159695/14 Appeal No. 16639-16639A Case No. 2021-04186 

[*1]Hassene Ghodbane, Plaintiff-Appellant-Respondent,
v
111 John Realty Corp. et al., Defendants-Respondents, Gemstar Construction Corp., Defendant-Respondent-Appellant.

Elefterakis, Elefterakis & Panek, New York (Eileen Kaplan of counsel), for appellant-respondent.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York (Michael Martens of counsel), for respondent-appellant.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale (Kathleen D. Foley of counsel), for respondents.

Orders, Supreme Court, New York County (Gerald Lebovits, J.), entered October 21, 2021 and January 6, 2022, which, to the extent appealed from, granted the motion of defendants 111 John Realty Corp. and Braun Management, Inc. (together, the John Realty defendants) for summary judgment dismissing the complaint as against them, and denied defendant Gemstar Construction Corp.'s motion for summary judgment dismissing the complaint and all cross claims as against it and for summary judgment in its favor on its cross claims against the John Realty defendants, unanimously modified, on the law, to dismiss the John Realty defendants' cross claims against Gemstar for common-law indemnification and contribution, and otherwise affirmed, without costs.
This personal injury action concerns a building owned by 111 John Realty Corp. and managed by Braun Management. 111 John Realty Corp. leased the premises to 7-Eleven, and after the lease was executed, the premises were damaged. As a result, 7-Eleven retained defendant Gemstar to perform renovation work at the store. After the renovations were completed and the store had opened for business, plaintiff, who was an employee of 7-Eleven, was injured when he slipped on a staircase leading to the basement of the premises. Plaintiff commenced this action against the John Realty defendants and Gemstar. Gemstar and the John Realty defendants then asserted cross claims against each other for common-law indemnification and contribution.
Gemstar failed to establish its entitlement to summary judgment dismissing the complaint as against it, as the record presents an issue of fact as to whether, during the renovation work on the premises, it launched a force or instrument of harm by negligently creating or exacerbating a hazardous condition on the staircase (see Espinal v Melville Snow Contrs., 98 NY2d 136, 139 [2002]; Almonte v Edgecombe Props. LLC, 194 AD3d 562, 562-563 [1st Dept 2021]).
By contrast, 111 John Realty Corp. established its entitlement to judgment by demonstrating that it was an out-of-possession landlords, and that its lease with 7-Eleven imposes no contractual obligation upon it to maintain or repair the premises (see Mollette v 111 John Realty Corp., 194 AD3d 614, 615 [1st Dept 2021]; Guilbe v Port Auth. of N.Y. & N.J., 154 AD3d 522, 522 [1st Dept 2017]). 111 John Realty Corp. also established its entitlement to judgment as a matter of law by submitting evidence that it did not create or have notice of the allegedly hazardous condition on the staircase (see Donkor v First Ghana Seventh-Day Adventist Church, 198 AD3d 477 [1st Dept 2021]). Moreover, plaintiff did not proffer any independent basis to hold Braun Management separately liable.
Because the claim against the John Realty defendants is dismissed, their cross claims against Gemstar for common-law indemnification and contribution must also be dismissed. In the absence of any liability against them on account of Gemstar, they cannot recover attorneys' [*2]fees in common-law indemnification (see generally McCarthy v Turner Constr. Inc., 17 NY3d 369, 374-375 [2011]). Indeed, on appeal, the John Realty defendants make no mention of their common-law indemnification or contribution cross claims, asking only that the dismissal of the complaint as against them be affirmed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022