Kamara v 323 Pas Owner LLC (2022 NY Slip Op 07296)

Kamara v 323 Pas Owner LLC

2022 NY Slip Op 07296

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 27396/18E Appeal No. 16958 Case No. 2022-03218 

[*1]Sorie Kamara, Plaintiff-Respondent,
v
323 Pas Owner LLC, et al., Defendants-Appellants, Century Management Services et al., Defendants.

Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellants.
Greenberg & Stein, P.C., New York (Ian Asch of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 20, 2022, which denied defendants 323 Pas Owner LLC, 323 Pas Associates LLC, and 323 Pas LLC's motion for summary judgment dismissing the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants made a prima facie showing of their entitlement to summary judgment by establishing they were out-of-possession landlords with no obligation to maintain the treads of the staircase on which plaintiff slipped while in the employ of the tenant, nonparty Cava Mezze Grill. Article 7(A)(i) of the lease imposed on Cava the obligation to maintain and repair the nonstructural portions of the demised premises (see Howard v Alexandra Rest., 84 AD3d 498, 499 [1st Dept 2011]). The testimonial evidence established that Cava, consistent with its obligations under the lease, assumed responsibility over the subject staircase (see Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011]). Although the lease granted defendants the right to re-enter to make repairs, the stairway condition was not a significant structural or design defect that was contrary to a specific statutory safety provision (see Souma v Third Ave. Realty Mgt., Inc., 204 AD3d 622, 622 [1st Dept 2022]; Sapp v S.J.C. 308 Lenox Ave. Family L.P., 150 AD3d 525, 528 [1st Dept 2017]). The statutory provisions cited by plaintiffs were either inapplicable or insufficiently specific to serve as predicates for defendants' liability (see e.g. Podel v Glimmer Five, LLC, 117 AD3d 579, 580 [1st Dept 2014], lv denied 24 NY3d 903 [2014]; Kittay v Moskowitz, 95 AD3d 451, 452 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). Furthermore, defendants submitted evidence establishing that they had no notice of the unsafe condition.
Plaintiff contends that Article 6(B) of the lease granting defendants the right to consent to Cava's renovation plans raised a triable issue of fact as to whether defendants had sufficiently relinquished control over the premises so as to be considered out-of-possession. However, Article 6(K) provided that, notwithstanding the other lease provisions, defendants' consent was not required for nonstructural interior alterations, such as the replacement of stair treads.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022