Rodriguez v Trinity Evangelical Lutheran Church (2023 NY Slip Op 05453)

Rodriguez v Trinity Evangelical Lutheran Church

2023 NY Slip Op 05453

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 28132/20 Appeal No. 907 Case No. 2022-04652 

[*1]Alicia Rodriguez, Plaintiff-Respondent,
v
Trinity Evangelical Lutheran Church, Defendant-Appellant.

Miranda Slone Sklarin Verveniotis LLP, Mineola (Andrew B. Kaufman of counsel), for appellant.
Sacco & Fillas, LLP, Astoria (Philip Reid of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered September 21, 2022, which denied defendant's motion for summary judgment dismissing the complaint against it, unanimously reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff alleges injuries as a result of a slip and fall inside defendant Trinity Evangelical Lutheran Church (Trinity). Specifically, plaintiff alleges that as she walked down a hallway at the premises, she slipped and fell on its tile floor. Plaintiff stated that the tile floor "had on it an accumulation of wax and was extremely slippery." Trinity owned the building and had entered into a lease agreement with plaintiff's employer, nonparty Lutheran Social Services of New York (LSSNY), for "one whole side of the building, which opens up to a courtyard" to operate "a fulltime school for pre-kindergarten children."
Under the terms of the lease agreement, LSSNY would engage in those activities typically associated with operating a school and other social service administrative purposes, subject to defendant's right to reenter the premises to inspect, provide necessary services, or to show the unit to prospective buyers, mortgages, tenants, or workers. LSSNY was responsible for keeping the premises in good repair and for all utilities and services, including garbage removal, and had the right and obligation to conduct any construction or remodeling that may be required to use the premises. Defendant did not assume any liability for the care and supervision of the premises.
Defendant established prima facie that it was an out-of-possession landlord with no contractual obligation to maintain the demised premises. Defendant also established prima facie, that the accident was not caused by a structural or design defect that violated a specific statutory safety provision (see Babich v R.G.T. Rest. Corp., 75 AD3d 439, 440 [1st Dept 2010]).
In addition to the lease agreement, defendant submitted the notarized affirmation of its pastor, Matthew Ryan Gonzalez and the notarized affidavit of Samantha Morales-Thiem, the LSSNY site director, which addressed the ownership of the property and the cleaning of the floors where plaintiff allegedly fell (see Hope v Our Holy Redeemer R.C. Church, 219 AD3d 595, 595 [2d Dept 2023]). Gonzalez attested that LSSNY exercised complete control over its leasehold, employing its own facilities staff, and although church representatives could use the hallway where plaintiff fell, they rarely did. Morales-Thiem attested that she worked with LSSNY's maintenance supervisor in overseeing the leased premises, and LSSNY assumed sole responsibility for maintaining, repairing, and cleaning the accident site, including occasionally waxing the floors.
In opposition, plaintiff failed to raise a triable issue of fact as to whether defendant possessed and controlled the leased premises for purposes [*2]of liability. Plaintiff's averment that she saw defendant's personnel freely using the location during the three years she worked at the premises was insufficient to demonstrate that there exists a triable issue of fact as to whether defendant relinquished complete control over the area before she fell (see Sapp v S.J.C 308 Lenox Ave. Family L.P., 150 AD3d 525, 527-528 [1st Dept 2017]; Greco v Starbucks Coffee Co., 58 AD3d 681, 682 [2d Dept 2009]).
Finally, plaintiff's statement that it was her "understanding" that defendant had recently replaced the floor where the accident occurred is irrelevant absent an allegation that it was a structural defect which caused plaintiff's slip and fall (see Sapp, 150 AD3d at 527-528).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023