Maignan v Watsky & Damm, Inc. (2025 NY Slip Op 00398)

Maignan v Watsky & Damm, Inc.

2025 NY Slip Op 00398

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 804761/21 Appeal No. 3574 Case No. 2024-03236 

[*1]Marie Maignan, Plaintiff-Appellant,
v
Watsky & Damm, Inc. Also Known as Old Albany Post Road, Inc., Defendant-Respondent, Mr. Cheapee's, Inc., Defendant. [And Other Third-Party Actions]

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Correia, Conway & Stiefeld, White Plains (Nicole Duke of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered May 14, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment and granted the motion of defendant Watsky & Damm, Inc., also known as Old Albany Post Road, Inc. (Old Albany), for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In this slip-and-fall action, Old Albany made a prima facie showing of its entitlement to summary judgment by submitting the lease agreement between it and third-party defendant Bark, Bathe & Beyond (BBB), which established that Old Albany was an out-of-possession landlord with no obligation to clear snow and ice from the four parking spaces leased to BBB (see Guilbe v Port Auth. of N.Y. & N.J., 154 AD3d 522, 522 [1st Dept 2017]). Testimony from Old Albany's and BBB's principals established that both parties understood BBB to have assumed responsibility for clearing the designated parking spaces. Indeed, BBB assigned the task to an employee and provided cleaning equipment and supplies (see Kamara v 323 Pas Owner LLC, 211 AD3d 606, 606 [1st Dept 2022]). Moreover, only BBB could clear the parking spaces because the job required removal of BBB's vehicles.
In opposition, plaintiff failed to raise a triable issue of fact. No evidence suggested that Old Albany engaged in a course of conduct in which it removed snow and ice from the parking spaces leased by BBB in the nine days BBB occupied the spaces before the accident. Plaintiff also failed to present evidence sufficient to raise a triable issue of fact concerning whether Old Albany failed to relinquish control over the leased parking spaces (see Henry v Hamilton Equities, Inc., 34 NY3d 136, 144 [2019]).
We reject plaintiff's assertion that Old Albany created the dangerous condition by improperly constructing the building so that water accumulated in the parking area. Although liability may attach to an out-of-possession landowner who has affirmatively created a dangerous condition or defect (see Torres v West St. Realty Co., 21 AD3d 718, 721 [1st Dept 2005], lv denied 7 NY3d 703 [2006]), plaintiff provided nothing more than conjecture concerning allegedly improper building construction. She presented no evidence that any code or regulation was violated by the building's construction or design, that any violations were issued based on improper drainage, or that there were any prior accidents or complaints of water or ice accumulation in the parking area. Moreover, the fact witness who made these claims had no demonstrated expertise in this area, which is not within the ambit of common experience.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025