**Dicristina v Harlem Roasting Co., LLC**

2026 NY Slip Op 31022(U)

March 18, 2026

Supreme Court, New York County

Docket Number: Index No. 150829/2021

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM

*Justice*

PART     04

-----------------------------------------------------------------------------X

MICHAEL DICRISTINA, TERESA DICRISTINA,

Plaintiffs,

- v -

HARLEM ROASTING COMPANY, LLC, PRODIGY
COFFEE, LLC, 3133 CA, LLC,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150829/2021 |
| MOTION DATE | 03/18/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68

were read on this motion to/for                    JUDGMENT-SUMMARY                    .

Upon the foregoing documents, 3133 CA, LLC's motion for summary judgment is granted.

## FACTUAL BACKGROUND

On February 26, 2020, plaintiff Michael DiCristina ("DiCristina") was working as an exterminator for Piece of Mind Exterminating. On that date, he went to defendant Harlem Roasting Company's store at 33 Carmine Street, New York, New York (the "Premises") to place mice traps. Upon arrival, he was led to the Premises' basement, which was only accessible through a cellar door in the sidewalk. DiCristina alleges that, as he began descending the steps to the basement, his foot slipped on the "rounded edge" of the top step and he fell, sustaining injuries.

DiCristina and his wife Teresa, suing derivatively, assert negligence claims against the owner of the Premises, 3133 CA LLC (the "Landlord"), and Harlem Roasting Company, LLC d/b/a Prodigy Coffee LLC ("Harlem Roasting"). Harlem Roasting interposed an answer, asserting various affirmative defenses (NYSCEF Doc No. 13) and crossclaims for contribution, common

**150829/2021   DICRISTINA, MICHAEL vs. PRODIGY COFFEE, LLC ET AL**
**Motion No.  003**

**Page 1 of 6**

1 of 6

[* 1]

law and contractual indemnification, and breach of contract for failure to procure insurance against the Landlord (NYSCEF Doc No. 29). The Landlord, in turn, interposed an answer asserting crossclaims for contribution, common law indemnification, and contractual indemnification against Harlem Roasting (NYSCEF Doc No. 50).

As pertinent here, the lease between Landlord and Harlem Roasting (the "Lease") provides that:

> Tenant shall, throughout the term of this lease, take good care of the demised premises and the fixtures and appurtenances herein, and the sidewalks adjacent thereto, and it its sole cost and expense, make all non-structural repairs thereto as and when needed to preserve them in good working order and condition, reasonable wear and tear, obsolescence and damage from the elements, fire or other casualty, excepted.
>
> […]
>
> Owner or Owner's agents shall have the right (but shall not be obligated) to enter the demised premises in any emergency at any time, and at other reasonable times, to examine the same and to make such repairs, replacements and improvements as Owner may deem necessary and reasonably desirable to any portion of the building or which Owner may elect to perform in the premises, following Tenant's failure to make repairs or perform any work which Tenant is obligated to perform under this lease, or for the purpose of complying with laws, regulations and other directions of governmental authorities.
>
> […]
>
> Tenants shall take good care of the Premises, make all repairs thereto, interior and exterior, nonstructural, ordinary and extraordinary, foreseen and unforeseen, and shall maintain and keep the Premises in first class order, repair and condition and shall make no alterations of any kind thereto which would tend to reduce or impair materially, the rental value, rentability or usefulness thereof. […] Tenant shall indemnify and hold Owner harmless of and from any and all claims, demand or demands, upon or arising out of the failure of Tenant to perform this covenant or arising out of any accident, injury or damage to any person or property which shall or may happen upon the Premises or any part thereof, or upon the sidewalks and appurtenances thereof, however caused.

(NYSCEF Doc No. 60, lease at 4, 13, 87).

**150829/2021   DICRISTINA, MICHAEL vs. PRODIGY COFFEE, LLC ET AL**
**Motion No.  003**

**Page 2 of 6**

2 of 6

The Landlord now moves for summary judgment dismissing plaintiffs' complaint and Harlem Roasting's crossclaims against it and for summary judgment on its contractual indemnification crossclaim against Harlem Roasting on the grounds that, as an out-of-possession owner that ceded responsibility for repairs to Harlem Roasting, it owed no duty to plaintiff.

In opposition, plaintiffs note that Landlord's right to reenter and inspect the Premises means it may be liable for significant structural or design defects that are contrary to a specific statutory safety provision, and argues that an issue of fact remains as to whether the rounded edge of the step on which DiCristina fell was such a structural defect. In support of this argument, plaintiffs submit the affidavit of Professional Engineer Harold Krongelb, in which he asserts that that the edge of the step tread on which Michael DiCristina slipped is "beveled approximately 1-inch vertically over 1-inch horizontally, meaning the stairway nosing is rounded by approximately 1-inch," and that this violated section 28-1011.5.5 of the 2022 City of New York Building Code[1] as well as sections 28-101.2, 28-103.2, and 28-301.1 of the 2014 City of New York Building Code (NYSCEF Doc No. 66, Krongelb Aff. at ¶¶ 10, 16-17, 24-29).

Harlem Roasting also opposes the motion, arguing that: (1) the testimony of its principal, Marianne Perez, that the condition of the steps to the basement did not change over the course of Harlem Roasting's tenancy establishes that the defect at issue is structural; and (2) the EBT testimony in the record raises questions of fact as to the adequacy of the stair's lighting and the physical condition of the step at issue.

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the

---

[1] Section 28-1011.5.5 provides, in pertinent part, that step "[n]osings shall have a curvature or bevel of not less than 1/16 inch (1.6 mm) but not more than 9/16 inch (14.3 mm) from the foremost projection of the tread […]".

**150829/2021   DICRISTINA, MICHAEL vs. PRODIGY COFFEE, LLC ET AL**
**Motion No.  003**

Page 3 of 6

absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers [but] [o]nce this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*id*).

The Landlord has met its burden here. "An out-of-possession landlord is generally not liable for the condition of the demised premises unless the landlord has a contractual obligation to maintain the premises, or right to reenter in order to inspect or repair, and the defective condition is a significant structural or design defect that is contrary to a specific statutory safety provision" (*Ross v Betty G. Reader Revocable Tr.*, 86 AD3d 419, 420 [1st Dept 2011] [internal citations and quotations omitted]). Therefore, as the Lease establishes that the Landlord is an out of possession landlord (though one that retained the right to reenter the Premises to inspect or repair), the dispositive question is whether the defect at issue is a "significant structural defect contrary to specific statutory safety provision" such that the Landlord had a duty to correct it.

The Landlord has established that the alleged defective condition is not a significant structural defect. Even crediting Krongelb's assessment that the step violated section 28-1011.5.5 of the 2022 City of New York Building Code,[2] such a violation does not establish a significant structural defect. This regulation governs a step's nosing, a part of the step's tread (see *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852, 852 [2d Dept 2014]; *Cruz v Montefiore Med. Ctr.*, 45 AD3d 355 [1st Dept 2007]), and staircase tread violations are, as a matter of law, not significant

---

[2] Krongelb's citation to sections 28-101.2, 28-103.2 and 28-301.1 of the 2014 Building Code is also unavailing. Sections 28-101.2 and 28-103.2 are general provisions relating to the intent and interpretation of the Code and section 28-301.1 is also insufficiently specific to impose liability on Third Avenue (*Souma v Third Ave. Realty Mgt., Inc.*, 204 AD3d 622 [1st Dept 2022]; *Sapp v S.J.C. 308 Lenox Ave. Family L.P.*, 150 AD3d 525, 528 [1st Dept 2017]).

**150829/2021   DICRISTINA, MICHAEL vs. PRODIGY COFFEE, LLC ET AL**
**Motion No.  003**

**Page 4 of 6**

structural defects (*Bawa v JJ Operating Inc.*, 234 AD3d 517, 518 [1st Dept 2025]; *see also Wahid v HMC Times Sq. Hotel, L.P.*, 230 AD3d 829, 829-830 [2d Dept 2024] [out of possession landlord not liable to plaintiff for injury allegedly sustained as a result of defective condition in hotel stair's nosing]; *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852, 852 [2d Dept 2014] [out of possession landlord not liable to plaintiff for personal injuries sustained when he caught his heel on defective nosing]). Finally, Harlem Roasting's assertion that "the testimony [in the record] raises questions regarding the adequacy of the lighting, and the physical condition of the steps themselves" is insufficient to create an issue of fact, as neither constitutes a structural or design defect (*Bethea v Weston House Hous. Dev. Fund Co., Inc.*, 70 AD3d 470 [1st Dept 2010] [inadequate lighting of stairs not a structural or design defect]; *Michaele v Steph-Leigh Assoc., LLC*, 178 AD3d 820, 821 [2d Dept 2019] ["erosion and damage along the tread nosing of the step" not a structural element]; *Chery v Exotic Realty. Inc.*, 34 AD3d 412, 413-14 [2d Dept 2006] ["cracked step" and "burned out light bulbs" did not "constitute structural or design defects"]).

In light of the foregoing, the Landlord's motion for summary judgment dismissing the complaint and Harlem Roasting's crossclaims is granted. The branch of the Landlord's motion seeking summary judgment on its contractual indemnification crossclaim against Harlem Roasting is denied as mooted by the dismissal of the complaint and crossclaims (*Reyes v Morton Williams Associated Supermarkets, Inc.*, 50 AD3d 496, 498 [1st Dept 2008]).

Accordingly, it is

**ORDERED** that 3133 CA, LLC's motion for summary judgment dismissing the complaint and all crossclaims asserted against it is granted and they are hereby dismissed; and it is further

**ORDERED** that 3133 CA, LLC's motion for summary judgment on its contractual indemnification crossclaim is denied as moot; and it is further

**150829/2021 DICRISTINA, MICHAEL vs. PRODIGY COFFEE, LLC ET AL**
**Motion No. 003**

**Page 5 of 6**

5 of 6

**ORDERED** that 3133 CA, LLC shall, within ten days of the date of this decision and order, serve a copy of same with notice of entry on plaintiffs, Harlem Roasting Company, LLC, and the Clerk of the Court; and it is further

**ORDERED** that service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly.

This constitutes the decision and order of the Court.

|  |  |
|---|---|
| **3/18/2026** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150829/2021   DICRISTINA, MICHAEL vs. PRODIGY COFFEE, LLC ET AL**
**Motion No.  003**                                                                **Page 6 of 6**

6 of 6

[* 6]